ROBERTA BENEDETTO *v.* SILVIO BENEDETTO
(AC 17575)

Schaller, Spear and Daly, Js.

Argued April 22—officially released October 19, 1999

*James H. Lee,* for the appellant (defendant).

*Richard L. Albrecht,* with whom, on the brief, was *Jocelyn B. Hurwitz,* for the appellee (plaintiff).

*Opinion*

SPEAR, J. The defendant, Silvio Benedetto, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Roberta Benedetto, and ordering certain financial awards. The defendant claims that the court improperly (1) modified certain nonmodifiable property orders postjudgment, (2) assigned marital assets to nonparties, (3) deviated from the child support guidelines, (4) ordered the defendant to procure dental

insurance without evidence of its cost or availability, (5) failed to set the appropriate effective date for the division of the plaintiff's securities, (6) disposed of certain income from a sublease (BMW lease) as a property settlement when it was really alimony and (7) terminated the appellate stay. We affirm the judgment of the trial court.

The trial court found the following facts. The parties were married on February 11, 1978, in Greenwich and had two minor children at the time of the dissolution. The defendant is a self-employed real estate broker, specializing in commercial property, and the parties enjoyed a high standard of living during the marriage based on the defendant's earnings and the appreciation of the plaintiff's assets. The court made certain financial awards with respect to the parties' assets. Those orders are the subject of this appeal. Further facts will be presented in the context of the respective issues.

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Hayward* v. *Hayward*, 53 Conn. App. 1, 7–8, 752 A.2d 1087 (1999).

I

The defendant claims that the trial court, pursuant to the plaintiff's motion to open, clarify or correct the judgment, improperly modified property orders that it had rendered in an earlier decision. We disagree.

Certain additional facts are necessary for the resolution of this claim. The court rendered its judgment of dissolution on May 23, 1997. The plaintiff filed her

motion on June 9, 1997. The defendant filed a motion for reargument on June 11, 1997. After hearing the parties on both motions, the trial court rendered what it termed a "Clarification, Articulation and Correction" on August 15, 1997 (second memorandum).

A division of property generally is nonmodifiable after the dissolution decree is rendered. See *Passamano* v. *Passamano*, 228 Conn. 85, 88 n.4, 634 A.2d 891 (1993). The defendant claims that the court improperly modified property orders in three respects. First, the defendant claims that, in its initial decision, the court awarded him $60,000 from a certain savings account. In the second memorandum, the trial court determined that the savings account actually belonged to the children of the parties and was not part of the marital estate. Second, the court in its original decision ordered that each party was entitled to receive one half of the BMW lease payments. In the second memorandum, the court stated that it was not impressed with the defendant's claims with respect to expenses in connection with that lease and stated that whatever deductions for expenses the defendant wanted to claim, "he can attribute them to his brokerage business" or against his share of the lease payment. Third, with respect to the mortgage payments, the original decision ordered the defendant to be responsible for the "mortgage and taxes for November, 1996, December, 1996, February, March, April and May, 1997." In the second memorandum of decision the court stated that the defendant was responsible for late charges and expenses resulting from late payment of the mortgage arrearage. The defendant's claims are without merit.

With respect to the savings account, the court, in its second memorandum of decision, recognized that it had awarded property that was not part of the marital estate. Because the court had no power to make the award of $60,000 to the defendant, that order was null

and void, and the second memorandum of decision simply recognized, on the basis of the evidence, that the bank accounts belonged to the children. Moreover, the defendant did not request any portion of those accounts in his claim for relief and, in fact, requested that the court order the plaintiff to retain the accounts. The defendant's contrary claim notwithstanding, this is not a case of the court's awarding him property and then taking it away; rather, this is a case where there never was marital property to be awarded in the first place.

With respect to the BMW lease, the trial court clarified, but did not modify its original order. The original order was that each party receive 50 percent of the lease income. The defendant, by way of his motion to reargue, sought to set off claimed expenses against the gross lease income. In rejecting the defendant's claims, the court clarified that each party was to get one half of the gross lease income.[1]

With respect to the mortgage arrearage, the defendant had been ordered to pay the mortgage for the months listed by the court as part of a pendente lite order and cannot now be heard to complain that he should not be responsible for the attendant expenses caused by his failure to obey those orders. There would be no logic in penalizing the plaintiff by ordering her to pay the late charges and related expenses due to the failure of the defendant to obey the court's earlier order.

## II

The defendant's second claim is that the trial court improperly assigned marital assets to nonparties when it assigned the savings account to the children. We disagree.

[1] The plaintiff and the defendant had a 50 percent interest in the lease. The other 50 percent interest belonged to another party.

The savings account was actually a group of miscellaneous savings accounts that the court found consisted of gifts to the parties' children. The defendant cites *Fleet Bank Connecticut, N.A.* v. *Carillo*, 240 Conn. 343, 691 A.2d 1068 (1997), for the proposition that these accounts became marital property because the plaintiff held them as a trustee for the children.

In *Fleet Bank Connecticut, N.A.*, our Supreme Court held that a survivorship bank account exposed the entire account to levy by a judgment creditor of one of the owners. Id., 352. *Fleet Bank Connecticut, N.A.*, is inapposite because, in the present case, the trial court had to resolve the question, as between the parties, of whether these accounts were part of the marital estate. No third party creditor's rights are involved, as was the case in *Fleet Bank Connecticut, N.A.* Therefore, the defendant's claim is without merit.

### III

The defendant next claims that the trial court improperly ordered child support without any reference to the child support guidelines. This claim is without merit. The court found that the defendant's income exceeded the maximum level in the guidelines and, therefore, the guidelines did not apply.[2] The court's decision is consistent with our Supreme Court's decision in *Battersby* v. *Battersby*, 218 Conn. 467, 469–72, 590 A.2d 427 (1991).

### IV

The defendant claims that the trial court improperly ordered him to procure dental insurance for the minor

---

[2] In his reply brief, the defendant raises a new claim that his actual income was below the guideline amount. A new claim cannot be raised in a reply brief. *Knapp* v. *New London*, 44 Conn. App. 465, 469, 691 A.2d 11 (1997). We therefore decline to consider it.

children where there was no evidence that such insurance was in force at the time of the dissolution decree. The defendant relies on *Lake* v. *Lake*, 49 Conn. App. 89, 91, 712 A.2d 989, cert. denied, 246 Conn. 902, 719 A.2d 1166 (1998), for the proposition that it is improper for a trial court to order such insurance that is not already in existence without evidence of the cost or availability of such insurance.

The plaintiff asserts that there was sufficient evidence that such insurance for the children was in force at the time of the dissolution because the defendant listed on his financial affidavit an expense for medical *and* dental insurance. This was a sufficient indication that such insurance was in force for the court to order that it be provided. To the extent that the defendant challenges the implicit factual conclusion of the court that such insurance was in force, the defendant did not move for an articulation and the court made no specific express finding as to dental insurance. We presume, in the absence of any indication to the contrary, that the court's decision was correct. *Bank of Boston Connecticut* v. *Avon Meadow Associates*, 40 Conn. App. 536, 543, 671 A.2d 1310, cert. denied, 237 Conn. 905, 674 A.2d 1329 (1996).

V

The defendant notes that the trial court's original order required the plaintiff to "transfer to the defendant from her marketable securities account the sum of $190,264." He claims that the second memorandum, in which the court stated that it intended to order a transfer of securities with a value of $190,264 on the date of transfer, was an improper change that effectively valued property at a date other than the date of dissolution. "In a dissolution action, marital property is valued as of the date of dissolution, not the date of separation." *Zern* v. *Zern*, 15 Conn. App. 292, 296, 544 A.2d 244

(1988). "[This] requirement is simply part of the broader principle that the financial awards in a marital dissolution case should be based on the parties' current financial circumstances to the extent reasonably possible." *Cuneo* v. *Cuneo*, 12 Conn. App. 702, 709, 533 A.2d 1226 (1987).

We conclude that the trial court did not change the value of the property to be transferred to the defendant. The court clarified the ambiguity in its first memorandum by explaining that, as of the date of the dissolution, the defendant was entitled to securities worth $190,264. Moreover, the defendant does not claim that he is entitled to more by virtue of the original order than by way of the clarified order. He also fails to demonstrate how he is harmed by the second order. His claim that the plaintiff may put off the transfer indefinitely is pure speculation and ignores the remedy of contempt that would be available to him if the plaintiff failed to obey the court's order.

## VI

The defendant asserts that by ordering that the income from the BMW lease be shared equally, the court is, in essence, ordering the payment of alimony rather than the division of property. The defendant's reliance on *Simmons* v. *Simmons*, 244 Conn. 158, 181–86, 708 A.2d 949 (1998), is misplaced.

In *Simmons*, our Supreme Court determined that a spouse's medical degree was not marital property subject to distribution pursuant to General Statutes § 46b-81. Id., 173. In reversing the trial court's failure to award alimony to the defendant, the court stated that alimony, which is modifiable, is the proper way to handle the circumstance of a marriage between a working spouse and a student spouse in which the student spouse eventually obtains a professional degree. Id., 182. Because

the working spouse is entitled to some benefit of that degree, alimony, because it is modifiable, is the appropriate way to do it, rather than considering the professional degree as property to be divided. Id., 184.

We conclude that the division of the lease proceeds was indeed part of a property settlement and was not alimony. Even if we were to consider the payments of alimony, the defendant points to no reason why it would be inappropriate under the circumstances here, where the trial court considered all of the relevant statutory factors enumerated in General Statutes § 46b-82.[3]

## VII

The defendant's final claim is that the trial court improperly entered an order terminating the appellate stay as part of its second memorandum of decision. The plaintiff appropriately points out that the remedy for any claimed improper termination of an appellate stay is solely by motion for review pursuant to Practice Book § 61-14.[4] The defendant filed a motion for permis-

[3] General Statutes § 46b-82 provides: "At the time of entering the decree, the Superior Court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

[4] Practice Book § 61-14, formerly § 4049, provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Section 66-6. . . ."

sion to file a late motion for review that was denied by this court. He cannot now raise this issue by way of appeal.

The judgment is affirmed.

In this opinion the other judges concurred.

