JENNIFER S. RUSSACK *v.* TATE M. RUSSACK
(AC 18707)

O'Connell, C. J., and Zarella and Daly, Js.[1]

Argued March 1—officially released July 4, 2000

or unlawful punishment."

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*David P. Ball,* for the appellant (defendant).

*Wendy A. Grispin,* with whom, on the brief, was *Sheldon A. Rosenbaum,* for the appellee (plaintiff).

*Opinion*

DALY, J. The defendant, Tate M. Russack, appeals from the judgment of the trial court granting the motion of the plaintiff, Jennifer S. Russack, for review of modification of child support payments, and ordering an upward modification of child support. The defendant claims that the court improperly (1) considered evidence of his medical history and financial condition that had been considered at a prior modification hearing and (2) failed to apply the criteria set forth in the child support guidelines. We affirm the judgment of the trial court.

The following facts are relevant to the determination of this appeal. The marriage of the parties was dissolved on June 1, 1994. The divorce decree included an order that the defendant pay child support of $80 per week for each of the two minor children. Thereafter, the defendant filed a motion for modification of child support. A hearing on the motion was held on June 3, 1997.

At the June 3, 1997 hearing, the defendant stated that he formerly was a United States Army helicopter pilot who involuntarily retired in March, 1996, due to a severe diabetic condition. His retirement pay was $1000 per month. After retiring from the army, the defendant sold insurance for a short time and worked for Value Systems Services during 1996 at an annual salary of $36,000.

In December, 1996, the defendant worked for a defense contractor at an annual salary of $46,000.[2] Thereafter, the defendant testified that he was placed on medical leave from that job, with no set date to return to work, and that as of April, 1997, he was actively seeking employment. The court followed the guidelines based on the $12,000 annual retirement income and reduced the child support payments to $24 per child per week.[3] It found that while the defendant had an earning capacity and was sending resumes, it was appropriate to continue the matter and order the defendant to report to the court when he secured employment. After securing employment, the defendant was to report the earnings derived therefrom. The court then would modify the support orders to comply with the guidelines.

Thereafter, the plaintiff filed a motion for review of modification of child support, which was heard on May 18, 1998. At that hearing, evidence was adduced that the defendant had failed to disclose at the first modification hearing that he had no intention of seeking employment and that he instead planned to attend law school. In August, 1997, the defendant was living in Miami, Florida, and was enrolled as a full-time student at the University of Miami School of Law. At the time of the May 18, 1998 hearing, he was in his second year of law school.

[2] At this time, the defendant was living in a house that he owned in Annapolis, Maryland.

[3] The defendant also was required to pay an additional $12 per week toward a $1560 arrearage owed to the plaintiff.

His tuition, books and fees were paid for by the Veterans Administration. A Stafford educational loan for $18,500 was utilized for personal expenses during his first year and had been renewed for the second year of law school. In addition, the defendant was residing rent free in Miami in the family home of his current spouse, and a home he owned in Annapolis, Maryland, was generating a monthly rental income of $1200. The defendant also taught sailing in Maryland and Florida, and claimed that he did so on a voluntary or complimentary basis.

At the May 18, 1998 hearing, testimony regarding the defendant's medical condition and earning capacity was admitted without objection. From this and other evidence, the court found that the defendant did not leave his previous employment for medical reasons, but rather, he left to attend law school.

Thereafter, the court found, and stated in a written memorandum of decision filed on September 17, 1998, that the application of the guidelines in this case would be inequitable and inappropriate, and entered an order of $125 per week per child on the basis of, inter alia, the retirement income of $12,000, an earning capacity of $46,000, the Maryland property rental income and the defendant's $18,500 Stafford loan.[4] This appeal followed.

I

The defendant claims first that the court improperly considered evidence concerning his medical history and financial condition that had been considered at the June 3, 1997 modification hearing. He claims that the court applied an incorrect legal standard in determining the

---

[4] In addition, the court ordered the defendant to pay $20 per week on an arrearage in the amount of $4000.

modification of child support on the basis of this evidence. We decline to review this claim.

While the defendant now claims error in the admission of the testimony regarding his medical history and financial condition, he failed to object to its admission at the modification hearing on May 18, 1998. In fact, the only time that the defendant addressed the issue regarding the court's consideration of any such evidence was during closing arguments, when defense counsel remarked that the court could not go back beyond the initial hearing date when evidence on the defendant's earning capacity was heard.

"This court is not bound to consider claims of law not made at the trial. . . . In order to preserve an evidentiary ruling for review, trial counsel must object properly." (Citation omitted; internal quotation marks omitted.) *State* v. *Bush*, 249 Conn. 423, 427, 735 A.2d 778 (1999). "We consistently have stated that we will not consider evidentiary rulings where counsel did not properly preserve a claim of error by objection . . . ." (Internal quotation marks omitted.) *Remington Investments, Inc.* v. *National Properties, Inc.*, 49 Conn. App. 789, 800, 716 A.2d 141 (1998). Because the defendant failed to preserve his claim by objecting to this evidentiary ruling, we decline to review this claim.[5]

## II

The defendant claims next that the court improperly failed to apply the criteria set forth in the child support guidelines. We disagree.

---

[5] Moreover, a review of relevant portions of the transcript reveals that it was defense counsel who elicited testimony regarding the defendant's medical condition and employment status. It is, therefore, somewhat disingenuous for the defendant now to object to the admission of this testimony. See *Thompson* v. *Thompson*, 183 Conn. 96, 99, 438 A.2d 839 (1981) (party may not seek reversal on basis of error he induced).

"The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Benedetto* v. *Benedetto*, 55 Conn. App. 350, 352, 738 A.2d 745 (1999), cert. denied, 252 Conn. 917, 744 A.2d 437 (2000).

A

In his brief, the defendant argues first that the court improperly deviated from the child support guidelines in the absence of a specific finding on the record that the application of the guidelines would be inequitable or inappropriate.

General Statutes § 46b-215b (a) provides in relevant part that "[t]he child support and arrearage guidelines . . . shall be considered in all determinations of child support amounts and payment on arrearages and past due support within the state . . . ." Furthermore, there is a rebuttable presumption that the amount of support or arrearage payment provided for pursuant to the application of the guidelines is the proper amount to be awarded. General Statutes § 46b-215b (a). "A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case . . . shall be sufficient to rebut the presumption in such case." Id.

Nearly four months after its oral decision, the court produced a written memorandum of decision. The defendant filed this appeal before the court filed its written decision. After reading the written memorandum of decision, the defendant realized that the court properly found on the record that applying the guidelines would be inequitable and inappropriate. There-

fore, at oral argument before this court, the defendant conceded this issue. Accordingly, we need not consider this claim. See *State* v. *Wright,* 197 Conn. 588, 594 n.8, 500 A.2d 547 (1985).

B

The defendant argues next that pursuant to § 46b-215a-3 of the Regulations of Connecticut State Agencies, the court improperly failed to state the amount of support that would have been required under the child support guidelines. We disagree.

Upon the conclusion of testimony at the May 18, 1998 hearing, the court specifically requested guideline worksheets from counsel and asked for the amounts determined thereunder. In response, the plaintiff, utilizing mainly the defendant's earning capacity, submitted to the court that the guidelines called for the defendant to pay $297 per week in child support. The defendant, however, did not present a worksheet, claiming that the guidelines were inapplicable because his net income was too low. The parties, therefore, properly presented the court with amounts that they believed would be called for under the guidelines. The court then deviated from those amounts.

C

The defendant's final argument is that pursuant to § 46b-215a-3 of the Regulations of Connecticut State Agencies, the court did not comply with the requirement that it state which criteria, as set forth in the regulations, it relied on in deviating from the child support guidelines. We disagree.

In its memorandum of decision, the court found that "there was a substantial change in circumstances since the last hearing predicated upon [the defendant's] non-disclosure of two or more of the assets and his utter lack of credibility. It is satisfied that he formerly had an

earning capacity of forty-six thousand ($46,000) dollars per year and that said earning capacity has not been significantly diminished. His current medication and the manner of administration thereof existed during the period of time that he was employed at [his former job]. The forty-six thousand ($46,000) dollar earning capacity, the Maryland property rental and the less than credible testimony about gratuitous sailing lessons,[6] together with his service connected disability payments, approximating twelve thousand ($12,000) dollars per year and his Stafford loan, lead the court to conclude the order for child support should indeed be modified and modified substantially. It also concludes that the application of the support guidelines in this case would be both inequitable and inappropriate."

This language indicates that the court clearly used earning capacity, pursuant to § 46b-215a-3 (b) (1) (B) of the Regulations of Connecticut State Agencies, as its criteria for deviating from the guidelines. We therefore conclude that the court properly applied the criteria required by the guidelines and, hence, did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] In its memorandum of decision, the court discussed in detail that it was evident that the defendant attempted to hide the Annapolis home as an asset and that the evidence suggested that the sailing lessons were not offered gratuitously.