[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiff filed a Motion for Modification of Child Support, Post-Judgment (#170) dated October 12, 2000 stating: (1) that the marriage of the parties was dissolved by judgment entered on July 17, 1991; 2) that said judgment provides that the Plaintiff is solely responsible for the support of the minor children; (2) that the Defendant pays no child support and (3) that the child support orders substantially deviate from the child support guidelines and there was no specific finding that the guidelines would be inappropriate or inequitable. Based on the foregoing, the Plaintiff has moved that this Court modify its orders of July 17, 1991 on the issue of child support. The defendant has filed an objection to the motion dated November 27, 2000.
The central point of Plaintiff's argument is that the provisions of Section 46b-86 (a), which permit a final Court order for child support to be modified in instances where the trial court failed to make a specific finding on the record that the application of the guidelines would be inequitable or inappropriate, are applicable here.
The crux of Motion #170 (as articulated by the Plaintiff in Paragraph I (F) of Plaintiff's Reply to Defendant's Objection dated December 18, 2000) is ". . . that the current child support orders deviatedsubstantially from the Child Support Guidelines, and there is not [a]specific finding that application of the guidelines would be inequitableor inappropriate".
The relevant facts are as follows:
1) The marriage of the parties was dissolved on July 17, 1991.
2) At the time of judgment, the parties had entered into a Separation Agreement dated May 17, 1991 which was exhibited to the trial Court and which the trial Court found to be fair and equitable, and was approved and ordered to be placed on file.
3) At the time of judgment, the Court did not make a specific finding on the record that the application of the Child Support Guidelines would CT Page 3337 be inequitable or inappropriate.
4) Paragraph 5 of the of Judgment file provides:
 "The parties have entered into a Separation Agreement concerning inter alimony, property settlement, remarriage of the Wife, custody, visitation, child support, disposition of real and personal property and intangible assets, medical and dental expenses, education, life insurance, debts and taxes which Agreement was dated July 17, 1991 and was signed by the Plaintiff and the Defendant and said Agreement was exhibited to the Court which found it to be fair and equitable, approved it and ordered it placed on file".
5) Paragraph 6 of the orders provided:
 6. Commencing as of July 1, 1991 and continuing each and every month thereafter, the Defendant shall pay to the Plaintiff, during his lifetime, until her death, remarriage or April 30, 1998, whichever event shall first occur, the sum of Twelve Thousand Dollars ($12,000.) per month as alimony.
6) Paragraph 7 of the orders provide:
 7. Commencing as of May 1, 1998 or upon the occurrence of the earliest contingency set forth in paragraph 6, whichever first occurs, the Defendant shall pay to the Plaintiff as alimony Six Thousand Dollars ($6,000.) per month until her death but regardless of her remarriage, such payments to continue each and every month thereafter though and until December 31, 2007 when alimony in all events shall terminate.
7) Paragraph 15 of the orders provide:
 15. For so long as the Defendant shall make the payments set forth in paragraphs 6 and 7 of this Judgment in a reasonably timely manner and except as provided elsewhere in this Judgment, the Plaintiff shall, during her lifetime, be responsible for the support of each child until that child attains the age of eighteen (18), dies or becomes emancipated, or CT Page 3338 ceases to reside with the Plaintiff, whichever event first occurs as provided herein. The provisions of the preceding sentence to the contrary notwithstanding, in the event of the termination of the Defendant's obligation to make alimony payments to the Plaintiff under paragraphs 6 and 7 of this Judgment prior to December 31, 2007 for reasons other than the death of either party, (and the parties do not contemplate any circumstances pursuant to which alimony payments under paragraphs 6 and 7 of this Judgment could terminate prior to December 31, 2007), then in the event of such termination the Plaintiff shall have the right to seek child support from the Defendant. For purposes of this paragraph, a child shall be deemed to be residing with the Plaintiff if that child is residing at a boarding school. The Plaintiff represents that her income from all sources, including benefits received hereunder, is sufficient to provide support for the children as long as she is receiving alimony pursuant to paragraphs 6 and 7 of this Judgment.
8) In 1994 the amount of alimony was modified to $10,000.00 per month by Stipulation signed by both parties and approved by the Court. All other terms and conditions of the dissolutions orders (pertinent to this decision) remained in full force and effect.
Contrary to the claim made by the Plaintiff the dissolution does address the issue of child support. Read together, the thrust of Paragraphs 5, 6, 7 and 15 of the Judgment require the payment of alimony at a rate that was intended to provide the Wife with the ability to support the children.
This court then must address the claim that the current child support orders deviated substantially from the Child Support Guidelines, and the fact that there was not a specific finding that application of the guidelines would be inequitable or inappropriate.
At the time of the judgment of dissolution and at the time of the modification, the income of the Husband was substantially over the maximum amount in the guidelines. The Husband's income in 1991 was $10,092.92 per week and in 1994 his income was $5,700.00 per week, (as set forth in his financial affidavits in the court file).
Under the Guidelines in effect at the time of the dissolution in 1991, the rule was that:
CT Page 3339 ". . . the guidelines do not apply where the combined net weekly family income exceeds $1500. However, where such income exists, the amount of support prescribed at the $1500 level is the minimum presumptive level." Section b (scope of the Guidelines), Section 2 (Income Levels).
The amount of prescribed child support in 1991 was $504.00 per week. The amount of alimony, which the Defendant was ordered to pay, was $12,000.00 per month (or $2,771.36 per week).
Under the guidelines in effect at the time of the modification in 1994, the rule was that:
 "when the parents' combined net weekly income exceeds $1750, awards shall be determined on a case-by-case basis in the amount of support prescribed at the $1750 level shall be the minimum presumptive level." Section 46b-215a-2 Child Support Guidelines, Section a (Applicability).
The amount of prescribed child support in 1994 was $480.00 per week. The amount of alimony, which the Defendant was ordered to pay, was $10,000.00 per month (or $2,309.47 per week).
As the defendant's income exceeded the maximum level in the guidelines, the guidelines did not apply. See Benedetto v. Benedetto,55 Conn. App. 350 (1999). The court reviewed the financial affidavits of both parties and the agreement and stipulation entered into by the parties. By reviewing those documents the court was able to observe and determine that the child support guidelines did not apply since the income of the parties was substantially over the maximum amount of the guidelines and the order of alimony was far in excess of the amount of the presumptive support.
Accordingly, as the guidelines did not apply, the plaintiff's claim that the trial Court deviated from the guidelines is without merit. Further, since the guidelines did not apply, it would have been nonsensical and contradictory for the trial Court to first conclude that the guidelines did not apply and then to proceed and make a specific finding that application of the guidelines would be inequitable or inappropriate. In instances such as this, where the guidelines do not apply, there should never be an articulation regarding deviation from the guidelines. Accordingly, the plaintiff's claim that the trial Court failed to make such a finding in this instance does not trigger the provisions of Section 46b-86a which would permit the requested CT Page 3340 modification.
Therefore, since the orders of both the dissolution and modification provide for child support indirectly through the order of alimony and since in both instances the guidelines did not apply, the Defendant's objection is sustained and the
Frankel, J.