[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MORANDUM OF DECISION ON MOTION FOR CONTEMPT DATED OCTOBER 5, 2001
This is plaintiff's motion for contempt alleging that the defendant has intentionally failed to comply with the terms of the judgment issued on May 23, 1997, corrected on July 28, 1997, and affirmed by the Appellate Court on October 19, 1999 (55 Conn. App. 350), Motion for Reargument denied (November 18, 1999), and Petition for Certification on Appeal denied (January 19, 2000).
In its Memorandum of Decision, the court (Coppeto, J.) ordered the defendant to quit claim all of his right, title and interest in and to the real property at 12 Lakewood Circle North in Greenwich, Connecticut, to the plaintiff. The plaintiff was ordered to deliver a mortgage deed and note to the defendant without interest, the note payable to the defendant upon the death or remarriage of the plaintiff or September 1, 2001, whichever event shall first occur. As of the date hereof, the defendant has not delivered a quit claim deed for his interest in the property nor has the plaintiff delivered her mortgage note and deed to the defendant.
Since, July, 1997, there have been three judgment liens filed against the defendant's interest in said property; a judgment lien filed by his former counsel, a federal tax lien filed by the United States government, and a tax lien filed by the Connecticut Department of Revenue Services. At the time of the decree dissolving the parties' marriage, the only lien against the property was the first mortgage then in the principal amount of $373,600. The property then had a fair market value of 1.3 million dollars.
Since the decree of dissolution, the defendant has failed to pay the following:
1. pendente lite alimony in the amount of $94,534 plus interest;
 2. medical reimbursement charges for medical expenses paid by the plaintiff and received by the defendant and one half of the uninsured and unreimbursed CT Page 15941-la medical expenses for the minor children;
 3. to provide dental insurance for the minor children. Since May 23, 1997, the minor child Stephanie has incurred uninsured and unreimbursed medical bills of $2,372, one half of which is $1,186; the minor child Amanda has incurred uninsured and unreimbursed medical bills of $13,621, one half of which is $6,810, for a total of $7,996. Dental expenses for the two children amount to $3,320.
The plaintiff has tried on a number of occasions to bring this matter to conclusion. The court finds the allegations of paragraphs 2, 4, 5, 6, and 7 of the plaintiff's motion to have been proved and are true.
The court does find the defendant in contempt for failure to pay the pendente lite arrearage as ordered by Judge Coppeto, for failure to pay the bills of the minor children's unreimbursed and uninsured medical expenses, for failure to provide dental insurance for the minor children resulting in dental expenses of $3,320, for failure to deliver his right, title and interest in and to the real property at 12 Lakewood Circle North, Greenwich, Connecticut, as that title was on May 23, 1997, and as corrected on July 28, 1997. The court finds an intentional and wilful violation of the court's orders.
To purge himself of contempt, the defendant is ordered to be present at the offices of plaintiff's counsel on January 31, 2002, prepared to deliver title to the Greenwich property as stated herein, to deliver the arrearage plus interest on the pendente lite orders, $3,320 for dental expenses for the minor children, and $7,996 for unreimbursed medical expenses for the minor children. The plaintiff is herein ordered to be present on January 31, 2002, prepared to pay the defendant $463,200. The plaintiff may set off against said sum the amounts owed to her by the defendant as set forth herein. The court contemplates a simultaneous closing so that the parties may accomplish the foregoing. The court observes that there have been previous findings of contempt in this matter. Any wilful and intentional violation of the court's orders as set forth herein may result in incarceration.
SO ORDERED.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
CT Page 15941-lb