STATE OF CONNECTICUT *v.* RICHARD TORRES
(12320)
(12504)

LAVERY, LANDAU and SCHALLER, Js.

Argued January 6—decision released July 12, 1994

---

[9] This test is also consistent with our test for mental incapacity in the criminal context. See General Statutes § 53a-13 (a).

*Francis T. Mandanici,* assistant public defender, for the appellant (defendant).

*John A. East III,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *James Dinnan,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant appeals from the trial court's judgment revoking his probation and committing him to the custody of the commissioner of correction to serve the suspended portion of a sentence received for two drug convictions under General Statutes § 21a-277 (a).[1] He claims that the trial court (1) improperly admitted hearsay evidence at his probation revocation proceeding, (2) improperly based the revocation of his probation on charges not enumerated in the charging documents, and (3) improperly found that he had violated his probation pursuant to General Statutes § 53a-32,[2] and therefore abused its discretion by imposing the original sentence.

---

[1] General Statutes § 21a-277 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

[2] General Statutes § 53a-32 provides in pertinent part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge . . . . Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought

At the revocation hearing, the trial court found the following facts. On August 12, 1988, the defendant was convicted of two separate drug violations and sentenced to two concurrent terms of imprisonment of eight years, suspended after three years, and three years probation. On March 18, 1992, the defendant was released and placed on probation. A probation officer reviewed with the defendant the conditions of his release, under which the defendant agreed, inter alia, not to violate any criminal law of the United States, Connecticut or any other state or territory. The defendant signed a standard conditions of probation form.

On May 24, 1992, the defendant went uninvited to the home of Kathy Foster.[3] Foster pushed the defendant in an effort to block the defendant's entrance to her apartment. In an attempt to enter, the defendant pushed and struck Foster. Foster's houseguest, Elias Torres, interceded and began to struggle with the defendant. The defendant stabbed Elias Torres in the abdomen and right forearm. Following a telephone call from Foster, police officer Joseph Pirolo arrived, but the defendant had left Foster's home. The victim and Foster related the events to the officer, and the defendant was arrested that same day for assault in the first degree in violation of General Statutes § 53a-59, assault in the third degree in violation of General Statutes § 53a-61, and criminal trespass in the first degree in violation of General Statutes § 53-107.[4] On September 11, 1992, an information was filed charg-

before it without unnecessary delay for a hearing on the violation charges. . . .

"(b) If such violation is established, the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

[3] The defendant is the father of Foster's child.

[4] Prior to the revocation hearing, those criminal charges were nolled.

ing the defendant with a violation of his probation, and a hearing was held on March 19, 1993, in which the trial court found that the defendant had violated his probation in that he had violated the criminal laws of the state of Connecticut.[5] The trial court revoked the defendant's probation and ordered him to serve the suspended portion of the original sentence.

At the time the court made its ruling, the case law in the area of probation revocation had been enunciated by this court in *State* v. *Davis,* 29 Conn. App. 801, 618 A.2d 577 (1993). In *Davis,* this court held that the reasonable satisfaction standard to be applied in probation revocation hearings required only a minimal level of certainty that the probationer had violated a condition of his probation—a level of proof below that of a fair preponderance. Our Supreme Court in *State* v. *Davis,* 229 Conn. 285, 641 A.2d 370 (1994), held that the fair preponderance of the evidence standard is the appropriate standard of proof that the state must meet to establish a violation of a condition of probation. The *Davis* court remanded the case to the trial court for a new revocation hearing because it could not determine from its review of the record what standard of proof the trial court had applied.[6]

In this case, the trial court found that "the state has met its burden of proof, that the defendant is in violation of the conditions of probation and on that basis the probation is found to be and has been violated." The trial court did not articulate the standard of proof

---

[5] The trial court found, as a basis for the revocation of probation, that the defendant had committed the crimes of criminal trespass in the second degree in violation of General Statutes § 53a-108, assault in the first degree in violation of General Statutes § 53a-59, burglary in the first degree in violation of General Statutes § 53a-101, and burglary in the third degree in violation of General Statutes § 53a-103.

[6] In *State* v. *Davis,* supra, 229 Conn. 302, the trial court is quoted as having stated that it was "convinced that it has heard reliable and appropriate evidence to the effect that there has been a violation of the probation condition and so a violation is found."

on which it had relied in revoking the defendant's probation, but we have to presume that it correctly followed the rule set out by this court in *Davis*. The trial court, therefore, employed the incorrect standard of proof in its determination of whether the defendant had violated a condition of his probation. The fact that the trial court stated that the evidence was "clear to the court that these wounds were inflicted upon Elias Torres by this defendant" cannot be construed as satisfying the fair preponderance test. This case is controlled by our Supreme Court's decision in *Davis*.[7]

The judgment is reversed and the case is remanded for a probation revocation hearing.

In this opinion the other judges concurred.

---

[7] Because we conclude that the trial court did not apply the appropriate standard of proof to the revocation determination, which requires a reversal of the judgment, we do not address the defendant's claims of error.