STATE OF CONNECTICUT *v.* EUGENE
JOSE MARRERO
(AC 19512)

Schaller, Spear and Zarella, Js.

Argued May 2—officially released August 1, 2000

*Del Atwell*, special public defender, for the appellant (defendant).

*Richard F. Jacobson*, special assistant state's attorney, with whom, on the brief, was *Gerard P. Eisenman*, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Gerard Jose Marrero, appeals from the judgment of the trial court finding him in violation of the terms of his probation. The defendant claims that the court improperly (1) failed to state the standard that it used in finding him in violation of probation, (2) found him in violation of probation even though he had not been convicted of any crime and (3) ordered him to serve the balance of his previously suspended sentence. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On July 19, 1996, the defendant was convicted of robbery

in the second degree in violation of General Statutes § 53a-135 (a) (2). He received a total effective sentence of ten years imprisonment, execution suspended after three years, followed by three years probation. On September 12, 1998, after serving approximately two years in prison, the defendant was released and began his period of probation. The conditions of the defendant's probation provided that he (1) submit to substance abuse treatment, (2) submit to random drug testing, (3) become employed or attend school, (4) have no contact with the victim and (5) possess no weapons or associate with anyone with a weapon.

On December 6, 1998, the defendant was arrested and charged with possession of a sawed-off shotgun in violation of General Statutes § 53a-211[1] and threatening in violation of General Statutes § 53a-62. Subsequently, the defendant was arrested and charged with violating his probation pursuant to General Statutes § 53a-32. After a hearing, the court found that the defendant had violated the terms of his probation. The court then ordered the defendant committed to the custody of the commissioner of correction for the balance of his original sentence. This appeal followed.

I

The defendant first claims that the court improperly failed to articulate the standard that it used to conclude that he had violated a term of his probation. He asserts, without any supporting authority, that the court's omission requires a reversal of the judgment. We disagree.

"It is important to recognize that a claim of error cannot be predicated on an assumption that the trial court acted incorrectly. . . . Rather, we are entitled to

---

[1] General Statutes § 53a-211 (a) provides in relevant part: "A person is guilty of possession of a sawed-off shotgun . . . when he owns, controls or possesses any sawed-off shotgun that has a barrel of less than eighteen inches or an overall length of less than twenty-six inches . . . ."

assume, unless it appears to the contrary, that the trial court . . . acted properly, including considering the applicable legal principles." (Citations omitted; internal quotation marks omitted.) *Rosenblit* v. *Danaher*, 206 Conn. 125, 134, 537 A.2d 145 (1988).

In *Rosenblit*, our Supreme Court stated that "it is presumed, unless the contrary appears, that judicial acts and duties have been duly and regularly performed, the presumption of regularity attending the acts of public officers being applicable to judges and courts . . . ." (Internal quotation marks omitted.) Id., quoting *Brookfield* v. *Candlewood Shores Estates, Inc.*, 201 Conn. 1, 6, 513 A.2d 1218 (1986). Further, in *State* v. *Torres*, 35 Conn. App. 107, 110, 644 A.2d 384 (1994), we presumed that the trial court "correctly followed the rule set out by this court" as to the proper standard of proof for a violation of probation proceeding[2] even though the court had not articulated the standard of proof that it had used in revoking the defendant's probation. We, therefore, conclude that this claim is without merit.

## II

The defendant's second claim is that the state failed to prove a violation of the condition of probation requiring that the defendant not violate any criminal law. The defendant claims, on the basis of a statement made by the trial court, that this condition requires that any violation of probation be based on a conviction of a crime. According to the defendant, this condition formed the basis for the court's finding of a violation of probation, and evidence showing only an arrest was

---

[2] At the time the trial court in *Torres* rendered its decision, the standard of proof applied in probation revocation proceedings was the reasonable satisfaction standard. Subsequently, our Supreme Court held that the standard of a fair preponderance of the evidence is the appropriate standard in probation revocation proceedings. *State* v. *Davis*, 229 Conn. 285, 295, 641 A.2d 370 (1994).

not sufficient to prove that such a violation had occurred. This claim also fails.

The information charged the defendant with a violation of probation pursuant to § 53a-32, with no further specification. One of the conditions of the defendant's probation was that he not possess any weapons. The probation officer testified, without challenge, that the violation of probation charge was based on the defendant's possession of a weapon. Also, there is nothing in the record before us that shows that the court's finding that the defendant had violated the terms of his probation was based on a condition that he not be convicted of a crime. The defendant bases this contention primarily on the court's statement during the hearing asking counsel: "Don't you have in here anymore that the defendant shall be—would be in violation if convicted of any state or federal law if on probation?" The court, however, simply asked a question and in no way imposed a burden on the state to prove that the defendant had been convicted of a crime to establish a violation of probation.

Moreover, the court stated at the hearing that the disposition of the probation revocation proceeding did not depend on whether the defendant was convicted of the underlying criminal charges. The defendant's counsel remarked to the court: "Well, the problem is, from the *mitigation* standpoint, Your Honor, is that charge is still pending in the lower court." (Emphasis added.) The court responded: "It doesn't have a thing to do with a violation of probation. If you have somehow given this man some hope that that case has some bearing on this violation, you are to straighten it out because it doesn't. This is *conduct* that is prohibited by the terms of his probation, and whether that case is disposed of tomorrow by some action of the state's attorney's office or not has no bearing on what happens

here." (Emphasis added.) The court clearly rejected any notion that a conviction of a crime was required here.

## III

The defendant's last claim is that the court abused its discretion in determining that the beneficial purposes of probation were no longer being served and, consequently, in imposing the entire unexecuted portion of the sentence.[3] In support of this claim, the defendant asserts only that it was an abuse of discretion to impose this sentence because no violation of probation was proven. In light of our conclusion in part I of this opinion that a violation of probation was proven, this claim must also fail.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] In his reply brief, the defendant improperly attempts to raise a new issue concerning his psychiatric problems that was neither presented to the court nor argued in his original brief. This violates the well established principle that issues may not be raised for the first time in a reply brief. *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 593 n.26, 657 A.2d 212 (1995); *Benedetto* v. *Benedetto*, 55 Conn. App. 350, 355 n.2, 738 A.2d 745 (1999), cert. denied, 252 Conn. 917, 744 A.2d 437 (2000). The defendant acknowledged this principle and then proceeded to violate it. We do not consider this issue.