## DANA INVESTMENT CORPORATION *v.* RICHARD SCHLESINGER ET AL.
### (AC 19314)

Foti, Schaller and Peters, Js.

Argued June 13—officially released September 26, 2000

*Howard A. Lawrence,* for the appellant (substitute plaintiff).

*Francis G. Pennarola,* with whom, on the brief, was *John B. Grant, Jr.,* for the appellees (defendant Crystal Bay Development, LLC, et al.).

### Opinion

PER CURIAM. The substitute plaintiff, Quik-Power International Corporation,[1] appeals from the judgment rendered by the trial court in this action to quiet title in favor of the defendant Crystal Bay Development, LLC.[2] The plaintiff claims that the facts found by the

---

[1] Quik-Power International Corporation was substituted as plaintiff as an assignee of the named plaintiff Dana Investment Corporation.

[2] The defendants are Richard Schlesinger, William Weinstein, Mark David Associates, Crystal Bay Development, LLC, Poughkeepsie Savings Bank (Poughkeepsie), Pond View Village, LLC (Pond View), Bridgeport Oral and Maxillofacial Profit Sharing Plan (Bridgeport), Federal Deposit Insurance Corporation and Crystal Bay Limited Partnership. The trial court rendered judgment quieting title to the subject property in Crystal Bay Development LLC, subject to the mortgages in favor of Poughkeepsie, Pond View and Bridgeport.

trial court are clearly erroneous. We have fully reviewed the record and conclude that the facts found are adequately supported by the record, and that the trial court did not apply an improper rule of law. The issues regarding the underlying factual disputes were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. *Dana Investment Corp.* v. *Schlesinger*, 46 Conn. Sup. 527, 759 A.2d 161 (1998). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It could serve no useful purpose for us to repeat the discussion contained therein. See *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

" 'This court does not retry the case or evaluate the credibility of the witnesses.' *State* v. *Amarillo*, [198 Conn. 285, 289, 503 A.2d 146 (1986)]." *State* v. *Taylor*, 23 Conn. App. 426, 429, 580 A.2d 1004 (1990). "Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . *State* v. *Mejia*, [233 Conn. 215, 224, 658 A.2d 571 (1995)]." (Internal quotation marks omitted.) *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). "The function of this court on appeal is limited to determining whether the decision of the trial court is clearly erroneous. Practice Book § 4061 [now § 60-5]; *State* v. *Spigarolo*, 210 Conn. 359, 374–75, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989)." *State* v. *Alterisi*, 47 Conn. App. 199, 204, 702 A.2d 651 (1997). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Con-*

*necticut National Bank* v. *Giacomi*, 242 Conn. 17, 70, 699 A.2d 101 (1997). We conclude, therefore, that the trial court's findings of fact are not clearly erroneous.

The judgment is affirmed.