SCOTT JOHNSON *v.* VICTORIA DE TOLEDO ET AL.
(AC 19289)

Landau, Pellegrino and Callahan, Js.

Argued September 18—officially released December 19, 2000

*Anthony M. Modugno*, with whom, on the brief, was *Frank Modugno*, for the appellant (plaintiff).

*John M. Gasidlo*, for the appellees (named defendant et al.).

*Opinion*

PELLEGRINO, J. The plaintiff, Scott Johnson, doing business as Viking Painting, appeals from the judgment of the trial court discharging a mechanic's lien he filed against real property owned by the defendants Victoria de Toledo and Stewart M. Casper (homeowners).[1] On appeal, the plaintiff claims that the court improperly (1) allowed a credit of $17,500 against the price the homeowners agreed to pay the general contractor, the defendant James A. Basli Construction Company (Basli), for the construction of a patio and a retaining wall, and (2) discharged the lien without its invalidity having been established by clear and convincing evidence.[2] We affirm the judgment of the trial court.

[1] The other defendants in this action are James A. Basli Construction Company, the general contractor with whom de Toledo and Casper contracted to make improvements to their home, and David A. Fuller, doing business as David Fuller Cabinetmakers, who also held a mechanic's lien against the de Toledo and Casper property.

[2] On appeal, the plaintiff also claims that the court failed to find that a $10,000 payment by the homeowners, held in escrow for the defendant David A. Fuller, doing business as David Fuller Cabinetmakers, was made in bad faith pursuant to General Statutes § 49-36 (c). The plaintiff contends that the $10,000 should be apportioned pursuant to § 49-36 (b). Because the court did not address or make a finding concerning the alleged $10,000 payment, we decline to address this issue. See *Willow Springs Condominium Assn., Inc. v. Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998) ("because our review is limited to matters in the record, we will not address issues not decided by the trial court"); *Crest Pontiac Cadillac, Inc. v. Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996) (claims "neither addressed nor decided" by trial court not properly before appellate tribunal).

The following facts and procedural history are relevant to our disposition of this appeal. In December, 1995, the homeowners, the joint owners of real estate in Wilton, entered into an agreement with the defendant Basli to perform certain improvements and additions to their residence.[3] Basli hired the plaintiff, a subcontractor, to perform the painting work in connection with its contract with the homeowners.[4] The homeowners discharged Basli before it completed its work because of their general dissatisfaction with its performance, and because of a dispute as to whether their contract included the construction of a patio and a retaining wall. The homeowners subsequently hired a mason contractor to build the patio and the retaining wall at an agreed price of $17,500, and they retained another general contractor to complete the remaining work under their contract with Basli. In the interim, the plaintiff completed his painting services and, when he was not paid by Basli, filed a mechanic's lien against the homeowners' property.

On February 8, 1999, the court held a hearing in connection with the homeowners' application to discharge the mechanic's lien. At the hearing, the parties stipulated that the lien was timely filed and properly served. The court, *Dean, J.*, however, granted the homeowners' application to discharge the lien. Thereafter, the plaintiff sought an articulation of the basis for the court's decision. The court, however, did not act on the motion for articulation. At or about the time this appeal was commenced, the trial judge was no longer a judge of the Superior Court and, therefore, was unable to respond to the plaintiff's request. This appeal followed.

---

[3] The agreed price for the work Basli was to perform under the contract was $446,407.

[4] The agreed price on the painting subcontract between the plaintiff and Basli was $15,265.

I

The plaintiff first claims that the court improperly found that the original contract between the homeowners and Basli included the construction of a patio and a retaining wall. The plaintiff, therefore, argues that the homeowners are not entitled to a credit of $17,500 paid for the construction of the patio and the retaining wall against their contract with Basli. The plaintiff contends that the effect of such a credit against the original contract price allows the homeowners to obtain full performance of the contract at a cost less than they had agreed with Basli. The plaintiff further claims that if the homeowners paid less than the agreed contract price, there is probable cause to sustain the lien. In response, the homeowners assert that because Basli was to construct the patio and the retaining wall under the original contract, they are entitled to a $17,500 credit. Therefore, the homeowners claim they have no further liability to the plaintiff pursuant to General Statutes § 49-36 (a)[5] because, taking into consideration the $17,500 they paid for the patio and the retaining wall, they already have paid $9953.18 more than the original contract required.[6] We agree with the homeowners.

At the hearing, the parties agreed that the court would determine whether the patio and retaining wall were items included in the contract to be performed by Basli.

[5] General Statutes § 49-36 (a) provides in relevant part: "No mechanic's lien may attach to any building or its appurtenances, or to the land on which the same stands, or any lot, or any plot of land, in favor of any person, to a greater amount in the whole than the price which the owner agreed to pay for . . . the development of any such lot, or the development of any such plot of land."

[6] There does not seem to be any dispute, and the exhibits confirm, that the homeowners paid Basli $387,058 up to the time that it was discharged, paid the mason contractor $17,500 to complete the patio and the retaining wall, and paid another contractor $51,802.18 to complete the work on the contract, thereby exceeding the original contract price of $446,407 by $9953.18.

Although the trial judge did not submit a memorandum of decision or a signed transcript, he orally rendered his decision in connection with this issue after hearing the evidence. See *Connecticut National Bank* v. *Browder*, 30 Conn. App. 776, 778–79, 622 A.2d 588 (1993) (reviewing defendants' appellate challenge of trial court's factual findings in absence of written memorandum where transcript contained court's findings, conclusions). The court found that the patio and the retaining wall were included in the contract.

Our review of questions of fact is limited to the determination of whether the findings were clearly erroneous. See *Dana Investment Corp.* v. *Schlesinger*, 60 Conn. App. 76, 77, 759 A.2d 99, cert. denied, 255 Conn. 914, 763 A.2d 1037 (2000). "A factual finding may be rejected by this court only if it is clearly erroneous." (Internal quotation marks omitted.) *Rocque* v. *Northeast Utilities Service Co.*, 254 Conn. 78, 86, 755 A.2d 196 (2000). "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Petronella* v. *Venture Partners, Ltd.*, 60 Conn. App. 205, 209, 758 A.2d 869 (2000).

At the hearing, the only evidence as to whether the patio and the retaining wall were included in the contract was the testimony of the defendant homeowner, de Toledo. She testified that the specifications provided for the construction of the patio and the retaining wall, and that Basli was obligated to perform that work. Basli did not offer testimony at that hearing. The court found the testimony of the defendant de Toledo credible. We

cannot say that the findings of the court were clearly erroneous. The homeowners, therefore, are entitled to a credit against their contract with Basli for the $17,500 paid to the mason contractor to construct the patio and the retaining wall.

II

The plaintiff next claims that the court improperly discharged the mechanic's lien after determining that it was invalid. The plaintiff argues that pursuant to General Statutes § 49-35b (b),[7] the court must have found that the lien was invalid by clear and convincing evidence, and that because the court did not specifically state which standard it applied, this court cannot assume that the trial court applied the proper standard. We disagree.

"We have said that [a] judgment is entitled to reasonable presumptions in support of its validity." (Internal quotation marks omitted.) *Brookfield* v. *Candlewood Shores Estates, Inc.*, 201 Conn. 1, 7, 513 A.2d 1218 (1986). "[I]t is presumed, unless the contrary appears, that judicial acts and duties have been duly and regularly performed, the presumption of regularity attending the acts of public officers being applicable to judges and courts . . . ." (Internal quotation marks omitted.) *State* v. *Marrero*, 59 Conn. App. 189, 192, 757 A.2d 594, cert. denied, 254 Conn. 934, 761 A.2d 756 (2000), quoting *Brookfield* v. *Candlewood Shores Estates, Inc.*, supra, 6. " 'The general rule that a judgment, rendered by a court with jurisdiction, is presumed to be valid and not clearly erroneous until so demonstrated raises a presumption that the rendering court acted only after due consideration, in conformity with the law and in

---

[7] General Statutes § 49-35b (b) provides in relevant part: "Upon consideration of the facts before it, the court or judge may . . . (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established . . . ."

accordance with its duty.' " *Rosenblit* v. *Danaher*, 206 Conn. 125, 134, 537 A.2d 145 (1988); *Brookfield* v. *Candlewood Shores Estates, Inc.*, supra, 7. "It is important to recognize that a claim of error cannot be predicated on an assumption that the trial court acted incorrectly. . . . Rather, we are entitled to assume, unless it appears to the contrary, that the trial court . . . acted properly, including considering the applicable legal principles." (Citations omitted; internal quotation marks omitted.) *Rosenblit* v. *Danaher*, supra, 134; *State* v. *Marrero*, supra, 191–92.

In *State* v. *Marrero*, supra, 59 Conn. App. 191–92, we presumed that the trial court applied the proper standard of proof in a violation of a probation proceeding even though the court had not articulated the standard of proof that it employed. See also *State* v. *Torres*, 35 Conn. App. 107, 110–11, 644 A.2d 384 (1994). We must, therefore, assume that the court applied the correct standard of proof in the present case.

The judgment is affirmed.

In this opinion the other judges concurred.