CHARLIE SANTIAGO *v.* STATE OF CONNECTICUT
(AC 20127)

Spear, Flynn and Daly, Js.

Argued April 3—officially released June 26, 2001

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellant (state).

*Suzanne Zitser*, assistant public defender, for the appellee (petitioner).

PER CURIAM. The state appeals from the judgment of the trial court granting the amended petition of the petitioner, Charlie Santiago, for a new trial on the ground of newly discovered evidence. The state claims that the court improperly granted the petition because the evidence was (1) readily available at trial and (2) merely cumulative. We affirm the judgment of the trial court.

On May 12, 1995, the petitioner was found guilty of murder in violation of General Statutes § 53a-54a (a).[1] On July 14, 1995, the petitioner was sentenced to the custody of the commissioner of correction for a term of twenty-five years. This court affirmed the judgment of conviction. *State* v. *Santiago*, 45 Conn. App. 297, 696 A.2d 344, cert. denied, 241 Conn. 927, 697 A.2d 362 (1997). On December 2, 1997, the petitioner filed a petition for a new trial on the basis of newly discovered evidence. A hearing on the petition was held on September 15 and 21, 1999. On the first day of the hearing, the court allowed the petitioner to amend the petition. On October 5, 1999, the court issued a memorandum of decision granting the amended petition and ordering a new trial. This appeal followed.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the trial court should be affirmed. The issues presented were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. See *Santiago* v. *State*, 47 Conn. Sup. 130, 779 A.2d 868 (1999). Because that memorandum of decision fully addresses the arguments raised in this

---

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

appeal,[2] we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Sivek* v. *Baljevic*, 60 Conn. App. 19, 20, 758 A.2d 441 (2000).

The judgment is affirmed.

[2] In its reply brief, the state improperly attempts to raise a new claim that the court wrongly applied the standard for the granting of a new trial to the evidence produced at the hearing on the petition by acting as a finder of fact and a "thirteenth juror." That claim was not raised in the state's original brief and violates the well established principle that "issues may not be raised for the first time in a reply brief." *State* v. *Marrero*, 59 Conn. App. 189, 194 n.3, 757 A.2d 594, cert. denied, 254 Conn. 934, 761 A.2d 756 (2000); *Benedetto* v. *Benedetto*, 55 Conn. App. 350, 355 n.2, 738 A.2d 745 (1999), cert. denied, 252 Conn. 917, 744 A.2d 437 (2000). We therefore decline to review it.