## BRENDA ARDITO *v.* CHARLES E. OLINGER
### (AC 19590)

Landau, Mihalakos and O'Connell, Js.

Argued January 22—officially released August 28, 2001

*Thomas F. Brown*, for the appellant (plaintiff).

*Howard A. Lawrence*, with whom was *Justin Maffeo*, for the appellee (defendant).

*Opinion*

O'CONNELL, J. The plaintiff appeals, following a trial to the court, from the judgment in favor of the defendant, in an action in which she alleged fraud, breach of fiduciary duty and constructive trust. The parties are siblings and the children of the decedent, Charles B. Olinger, Sr., who died on December 27, 1996.

The dispositive issue on appeal is whether the plaintiff had standing to complain about the defendant's handling of their father's bank accounts. We answer that question in the negative, vacate the judgment on the merits and remand the case with direction to dismiss it for lack of subject matter jurisdiction.

The following facts and procedural history are necessary for disposition of this appeal. Prior to his death, the decedent created nine bank accounts, two of which were joint accounts in the names of the decedent and the defendant, and seven of which were trust accounts in which the decedent was the trustee for the defendant. On December 1, 1993, after consulting an attorney, the decedent executed a power of attorney naming the defendant as his attorney-in-fact. On December 3, 1993, the defendant withdrew the balance from each of the accounts and placed the funds in accounts in his own name. Following his father's death, the defendant was appointed administrator of his father's estate. Although

the estate is still pending in the Probate Court for the district of West Haven, the plaintiff has taken no action in the Probate Court concerning those accounts.[1]

The plaintiff brought this action challenging the defendant's withdrawal of funds from the bank accounts. The court found that "[t]here is not a scintilla of evidence even suggesting fraud. The clear and convincing evidence is that the [decedent's] wishes were obeyed, that he was aware of what he was doing, and that the defendant did nothing resembling fraud in the course of the creation of the accounts, the execution of the power of attorney and the subsequent closing out of the accounts." It is well settled that we are bound by the factual findings of the trial court unless they are clearly erroneous in light of the evidence. *Johnson* v. *de Toledo*, 61 Conn. App. 156, 160, 763 A.2d 28 (2000), cert. granted on other grounds, 255 Conn. 938, 767 A.2d 1212 (2001). The findings in this case are amply supported by undisputed evidence.

The two different types of bank accounts involved here require separate analysis. The first two accounts are joint accounts governed by General Statutes § 36a-290 (a).[2] Pursuant to that statute, any of two or more

---

[1] The issues raised here are, in essence, an attack on the failure of the administrator to include the subject bank accounts in the inventory of the decedent's estate. See General Statutes §§ 45a-341 through 45a-343. We recognize that probate courts have sole and exclusive jurisdiction over the settlement of estates. General Statutes § 45a-98; *Dunham* v. *Dunham*, 204 Conn. 303, 328, 528 A.2d 1123 (1987), overruled in part on other grounds, *Santopietro* v. *New Haven*, 239 Conn. 207, 213 n.8, 682 A.2d 106 (1996); *First National Bank & Trust Co.* v. *McCoy*, 124 Conn. 111, 115–16, 198 A. 183 (1938); see *American Surety Co. of New York* v. *McMullen*, 129 Conn. 575, 581, 30 A.2d 564 (1943); *Prindle* v. *Holcomb*, 45 Conn. 111 (1877); however, in view of our dismissal of the case because of the plaintiff's lack of standing, we do not reach the issue of whether the case could have been brought in the Superior Court in the first instance or should have been raised in the Probate Court as an objection to the inventory.

[2] General Statutes § 36a-290 (a) provides: "When a deposit account has been established at any bank, or a share account has been established at any Connecticut credit union or federal credit union, in the names of two or more natural persons and under such terms as to be paid to any one of

joint owners of a bank account may withdraw any part or all of the balance of such account during the lifetime of the other owner. "It is clear that, under Connecticut law, coholders of a joint account are considered owners of the entire account . . . with access to the entire amount therein." (Citations omitted; internal quotation marks omitted.) *Grass* v. *Grass*, 47 Conn. App. 657, 661, 706 A.2d 1369 (1998).

In the present case, the plaintiff does not contend that the joint accounts were not validly created, but argues only that the defendant had no right to withdraw money therefrom during the decedent's lifetime. Section 36a-290 (a) and the *Grass* decision demonstrate that the plaintiff's contentions are incorrect and that, as a matter of law, the defendant lawfully could withdraw the contents of those accounts. The plaintiff was not an owner of the joint accounts; therefore, she cannot be heard to complain about the conduct of the defendant in reference to them.

The decedent created the other seven accounts, during his lifetime, as trust accounts with himself as trustee and the defendant as the beneficiary. Although the defendant, in his capacity as the beneficiary, could not withdraw money from those accounts, when acting pursuant to the power of attorney, he lawfully could withdraw funds from them.

The plaintiff claims that the withdrawal from either type of account constitutes a breach of a fiduciary duty. The fallacy in that claim is that the defendant owed no

them, or to the survivor or survivors of them, such account is deemed a joint account, and any part or all of the balance of such account, including any and all subsequent deposits or additions made thereto, *may be paid to any of such persons during the lifetime of all of them* or to the survivor or any of the survivors of such persons after the death of one or more of them. Any such payment constitutes a valid and sufficient release and discharge of such bank, Connecticut credit union or federal credit union, or its successor, as to all payments so made." (Emphasis added.)

fiduciary duty to the plaintiff. Any fiduciary relationship that existed was between the defendant and the decedent. The plaintiff is a stranger to that relationship and has no standing to complain about an alleged breach of a fiduciary duty owed to the decedent.

The plaintiff concedes that the nature of all of the decedent's bank accounts was such that, at his death, they all would have passed to the defendant and she would have inherited nothing. Accordingly, it is not clear what she is attempting to accomplish in this action. The decedent is now dead and the defendant has all the money that was in the accounts, a result that the plaintiff agrees is proper. Under no circumstances would there have been any inheritance for the plaintiff from any of the accounts.

Because the plaintiff was a stranger to all of the accounts, a question arises concerning her standing to bring this action. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Dime Savings Bank of Wallingford* v. *Arpaia*, 55 Conn. App. 180, 183, 738 A.2d 715 (1999).

The plaintiff's justiciable interest in this case is not readily apparent because she concedes that she was not entitled to the funds after the death of the decedent. We conclude that she has not made a colorable claim of any direct, or even indirect, injury that she has suffered, or is likely to suffer, from the defendant's actions. See *Carl J. Herzog Foundation, Inc.* v. *University of Bridgeport*, 41 Conn. App. 790, 794, 677 A.2d 1378 (1996), rev'd on other grounds, 243 Conn. 1, 699 A.2d 995 (1997). In its memorandum of decision, the court

states that "[t]he defendant has challenged the standing of the plaintiff to seek the relief requested in this proceeding in this court. In view of the court's conclusions recited above, this issue is moot."

Because of her lack of a justiciable interest, the plaintiff lacked standing to bring this action. "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." *Steeneck* v. *University of Bridgeport*, 235 Conn. 572, 580, 668 A.2d 688 (1995). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *Salmon* v. *Dept.. of Public Health & Addiction Services*, 58 Conn. App. 642, 649, 754 A.2d 828, cert. granted on other grounds, 254 Conn. 926, 761 A.2d 754 (2000). The court should not have proceeded to decide the case on the merits, but should have dismissed it for lack of subject matter jurisdiction.

In view of the absence of jurisdiction, we do not reach the plaintiff's other claims.

The judgment in favor of the defendant on the merits is vacated and the case is remanded with direction to render judgment dismissing the action.

In this opinion the other judges concurred.