## WALLACE L. JOYCE *v.* STATE'S ATTORNEY
## (AC 23944)

Lavery, C. J., and McLachlan and Berdon, Js.

Argued April 28—officially released July 27, 2004

*Wallace L. Joyce*, pro se, the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVERY, C. J. The pro se petitioner, Wallace L. Joyce, appeals following the denial by the trial court of his request for certification to appeal from the denial of his petition for a new trial, which was filed pursuant to General Statutes § 52-270. On appeal, the petitioner claims that the court (1) improperly denied certification to appeal and (2) applied an improper legal standard. We disagree and, accordingly, dismiss the appeal.

The following facts and procedural history are relevant to the resolution of the petitioner's appeal. In 1990, the petitioner was convicted of arson in violation of General Statutes § 53a-111 (a) (4). Our Supreme Court reversed that conviction and ordered a new trial. *State* v. *Joyce*, 229 Conn. 10, 27–28, 639 A.2d 1007 (1994). After a second trial in 1996, the petitioner again was convicted of violating § 53a-111 (a) (4), and our Supreme Court upheld the conviction. *State* v. *Joyce*, 243 Conn. 282, 284–85, 705 A.2d 181 (1997), cert. denied, 523 U.S. 1077, 118 S. Ct. 1523, 140 L. Ed. 2d 674 (1998). A detailed statement of the facts pertaining to the underlying criminal case can be found in either of our Supreme Court's decisions.

On March 1, 1999, the petitioner initiated the present action by filing a petition for a new trial pursuant to § 52-

270.[1] The essence of the eighty-nine paragraph petition alleged that the petitioner was unaware of certain evidence until after his trials and that such evidence was therefore newly discovered. On November 1, 2002, the respondent state of Connecticut filed a motion for summary judgment. The respondent argued that the evidence was available to the petitioner's counsel at the time of the trials and, therefore, did not satisfy the legal standard for newly discovered evidence. The court initially denied the respondent's motion on December 2, 2002, but that order was vacated on December 13, 2002. On December 18, 2002, the court granted the respondent's motion and rendered judgment accordingly.

The petitioner's motion to vacate the judgment was denied and, subsequently, on January 27, 2003, he filed a request for certification to appeal pursuant to General Statutes § 54-95 (a). The court denied the request on January 29, 2003, stating that "such an appeal would be frivolous." The petitioner then filed the present appeal on February 18, 2003. Additional facts will be set forth as necessary.

I

The petitioner first claims that the court improperly denied certification to appeal from the denial of his petition for a new trial. As a preliminary matter, we identify the standard of review and legal principles that govern our resolution of the petitioner's claim. Our Supreme Court has stated that "a petitioner can establish a clear abuse of discretion in a trial court's denial, pursuant to § 54-95 (a), of a timely request for certifica-

---

[1] "Pursuant to General Statutes § 52-270, a convicted criminal defendant may petition the Superior Court for a new trial on the basis of newly discovered evidence. See also Practice Book § 42-55." *Morant* v. *State*, 68 Conn. App. 137, 144, 802 A.2d 93, cert. denied, 260 Conn. 914, 796 A.2d 558 (2002), overruled in part on other grounds, *Shabazz* v. *State*, 259 Conn. 811, 830 n.13, 792 A.2d 797 (2002).

tion to appeal a denial of a petition for a new trial by establishing one of the three [*Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)] criteria." *Seebeck* v. *State*, 246 Conn. 514, 534, 717 A.2d 1161 (1998).

"According to the *Lozada* framework: A petitioner satisfies that burden by demonstrating: [1] that the issues are debatable among jurists of reason; [2] that a court *could* resolve the issues [in a different manner]; or [3] that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) Id.; see also *State* v. *Turner*, 267 Conn. 414, 430, 838 A.2d 947 (2004).

The petitioner claims that the court's denial of his request for certification to appeal constitutes an abuse of discretion because two issues warrant appellate consideration. The first issue concerns whether the court improperly denied the petition for a new trial in light of the alleged newly discovered evidence. The second issue concerns the court's refusal to grant a continuance to allow the petitioner to file certain trial transcripts.

A

The petitioner's first issue concerns whether the court improperly denied his petition for a new trial in light of the alleged newly discovered evidence. The petitioner specifically argues that his discovery of two documents after his second conviction constitutes newly discovered evidence. We disagree.

The following additional facts are necessary for the resolution of that issue. The petitioner alleged that on January 29, 1990, John Donroe made a written statement to the police regarding the explosion and resulting fire that was the basis of the petitioner's eventual conviction. The petitioner further alleged that Donroe's testimony at trial contradicted that statement. The sec-

ond claim of newly discovered evidence consisted of notes made by the police during their investigation. The petitioner did not personally become aware of the statement and notes until December 1, 1997.

"The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. . . . This strict standard is meant to effectuate the underlying equitable principle that once a judgment is rendered it is to be considered final, and should not be disturbed by post-trial motions except for a compelling reason. . . . In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial. . . . It is within the discretion of the trial court to determine, upon examination of all the evidence, whether the petitioner has established substantial grounds for a new trial, and the judgment of the trial court will be set aside on appeal only if it reflects a clear abuse of discretion." (Internal quotation marks omitted.) *Morant* v. *State*, 68 Conn. App. 137, 144, 802 A.2d 93, cert. denied, 260 Conn. 914, 796 A.2d 558 (2002), overruled in part, *Shabazz* v. *State*, 259 Conn. 811, 830 n.13, 792 A.2d 797 (2002). That four-pronged test contains the traditional criteria for determining whether a new trial is warranted on the ground of newly discovered evidence.

The petitioner's claim of newly discovered evidence fails to satisfy the first prong of the test. Attached to the respondent's motion for summary judgment was an affidavit from attorney William H. Cashman, who represented the petitioner in his second criminal trial. Cashman stated that prior to the start of the second

trial, he had received the entire file from the petitioner's first criminal trial and that he "was aware that a witness in both trials, John Donroe, had given a written statement, which the [petitioner] has attached as Appendix A to his Petition for a New Trial . . . ." Additionally, Cashman acknowledged that he had received the notes from the police investigation that the petitioner attached as appendix C to his petition for a new trial.

The respondent also attached an affidavit from senior assistant state's attorney Michael A. Pepper, the prosecutor in both of the petitioner's trials, to its motion for summary judgment. Pepper stated that he had informed counsel for the petitioner about Donroe's written statement at the petitioner's first trial. Additionally, Pepper stated that during the petitioner's second trial, he questioned Donroe about the written statement. Pepper further indicated that the notes had been turned over to the petitioner's counsel.

The affidavits from Cashman and Pepper establish that the evidence that the petitioner claims was newly discovered was known to his attorneys during the underlying criminal cases. The petitioner argues that because he did not know of that evidence until 1997, it was newly discovered. That argument, however, is contradicted by our case law. *"The knowledge of an attorney is imputed to the client* unless circumstances render it certain or probable that the attorney will disregard the duty to communicate the material facts to his clients." (Emphasis added; internal quotation marks omitted.) S*kyler Ltd. Partnership* v. *S.P. Douthett & Co.*, 18 Conn. App. 245, 248, 557 A.2d 927, cert. denied, 212 Conn. 802, 560 A.2d 984 (1989); see also *State* v. *Turner*, 252 Conn. 714, 729, 751 A.2d 372 (2000); *Allen* v. *Nissley*, 184 Conn. 539, 542–43, 440 A.2d 231 (1981). There is nothing in the record to indicate that the petitioner's attorneys disregarded their duty to communicate with the petitioner.

We conclude that the issue is not debatable among jurists of reason, that a court could not resolve the issue in a different manner and that it is not adequate to deserve encouragement to proceed further. Accordingly, the court did not abuse its discretion by denying certification to appeal on the basis of that issue.

B

The petitioner's second issue concerns the court's refusal to allow him to file certain trial transcripts in support of his petition for a new trial. After the court granted the respondent's motion for summary judgment, it granted the petitioner permission to reargue, and a hearing was held on January 15, 2003. At the hearing, the petitioner immediately made a motion for a continuance on two grounds: First, he requested permission to file a full transcript from one of the underlying criminal trials and, second, he indicated that he wanted to file an amended memorandum of law containing additional case law. The court, on several occasions, asked the petitioner to identify precisely what evidence was newly discovered, and the petitioner refused to do so. Instead, the petitioner responded by inquiring whether the court would grant the continuance and repeated his request to file the entire trial transcript. The respondent noted that the court had all of the relevant portions of the transcript as attachments to the motions pertaining to the summary judgment. The court denied the petitioner's request for a continuance to file the entire trial transcript and upheld its decision granting summary judgment in favor of the respondent.

It is undisputed that the court had the relevant portions of the underlying criminal proceedings before it when it ruled on the respondent's motion for summary judgment and at the hearing on the petitioner's motion to vacate the granting of that motion. There is nothing

in the record to suggest that the court's refusal to accept the entire transcript, or its denial of the petitioner's request for a continuance to file such a transcript, under these facts and circumstances, is debatable among jurists of reason, that a court could resolve the issues in a different manner or that there are any questions that deserve encouragement to proceed further. The court, therefore, did not abuse its discretion in denying certification to appeal with respect to this issue.

## II

The petitioner's final claim is that the court applied the incorrect legal test to determine whether he was entitled to a new trial. Specifically, the petitioner claims that the court should have deviated from the traditional four-pronged test and, instead, focused on whether a new trial was necessary to prevent an injustice from occurring. We disagree.

As a preliminary matter, we set forth our standard of review. The petitioner's claim requires us to decide whether the court applied the correct legal standard. Accordingly, our review is plenary. See *Hartford Courant Co.* v. *Freedom of Information Commission*, 261 Conn. 86, 96–97, 801 A.2d 759 (2002).

In support of his claim, the petitioner relies on certain language from *Santiago* v. *State*, 47 Conn. Sup. 130, 779 A.2d 868 (1999), aff'd, 64 Conn. App. 67, 779 A.2d 775, cert. denied, 258 Conn. 913, 782 A.2d 1246 (2001). In *Santiago*, the court stated: "The primary test to be utilized is whether an injustice was done and whether it is probable that on a new trial a different result would be realized. . . .

"This court believes that some consideration should be given to the language in *Taborsky* [v. *State*, 142 Conn. 619, 623, 116 A.2d 433 (1955)]: All of the above rules are qualified in their application to a capital case in

light of the principle laid down in *Andersen* v. *State,* 43 Conn. 514, 517 [1876], that in a case where human life is at stake, justice, as well as humanity, requires us to pause and consider before we apply those rules in all their rigor. . . .

"In this court's opinion, an underlying principle of *Taborsky* and *Andersen* is that in certain serious criminal cases, if it appears to the court that evidence which is adduced at the hearing on the petition for new trial could have a persuasive impact on a jury and might well be sufficient to turn the cause in favor of the applicant . . . an injustice would be done to the petitioner if a new trial is not granted even if all the traditional criteria for granting a new trial on the basis of newly discovered evidence are not satisfied." (Citations omitted; internal quotation marks omitted.) *Santiago* v. *State,* supra, 47 Conn. Sup. 131–32.

We are cognizant that the cases cited by the petitioner, *Taborsky* v. *State,* supra, 142 Conn. 619, *Santiago* v. *State,* supra, 47 Conn. Sup. 130, and *Reilly* v. *State,* 32 Conn. Sup. 349, 355 A.2d 324 (1976), as well as our Supreme Court's decisions in *Shabazz* v. *State,* 259 Conn. 811, 792 A.2d 797 (2002), and *Summerville* v. *Warden,* 229 Conn. 397, 641 A.2d 1356 (1994), have looked beyond the traditional four-pronged test for newly discovered evidence and have been guided by the general principle of whether an injustice was done. All of those cases, however, stem from an underlying conviction of either murder or manslaughter.

In *Taborsky,* the court stated that "[a]ll of the above rules are qualified in their application to a capital case in the light of the principle . . . that in a case where human life is at stake, justice, as well as humanity, requires us to pause and consider before we apply those rules in all their rigor." (Citation omitted; internal quotation marks omitted.) *Taborsky* v. *State,* supra, 142 Conn.

623. Additionally, in *Reilly* v. *State*, supra, 32 Conn. Sup. 372, the court acknowledged that this deviation is proper only in certain serious criminal cases.

The petitioner in the present case was convicted of arson. The cases in which the court has looked beyond the traditional test all involved homicides. Except for his own injuries, no one else was hurt. Thus, the petitioner's case does not present the type of serious criminal case in which a deviation from the traditional four-pronged test is warranted. We conclude, therefore, that the court applied the proper legal test to determine if the petitioner was entitled to a new trial.

The appeal is dismissed.

In this opinion the other judges concurred.

