HARRY PAULSEN *v.* DAVID KRONBERG ET AL.
(AC 20587)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Laurence V. Parnoff* filed a brief for the appellant (plaintiff).

*Jack G. Steigelfest* filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Harry Paulsen, appeals from the judgment of the trial court in favor of the defendants on all counts of his complaint.[1] On appeal, the plaintiff claims that the court improperly (1) failed to find facts claimed by the plaintiff to establish his right to damages, (2) found facts contrary to the evidence and (3) failed to find that the plaintiff was entitled to damages for unjust enrichment. We affirm the judgment of the trial court.

The first two issues that the plaintiff raises in his brief allege various facts that the trial court improperly found or failed to find. "Our review of questions of fact is limited to the determination of whether the findings were clearly erroneous. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Murphy, Inc.* v. *Remodeling, Etc., Inc.*, 62 Conn. App. 517, 520–21, 772 A.2d 154, cert. denied, 256 Conn. 916, 773 A.2d 945 (2001), quoting *Johnson* v. *de Toledo*, 61 Conn. App. 156, 160, 763 A.2d 28 (2000), cert. granted on other grounds, 255 Conn. 938, 767 A.2d 1212 (2001). The record before us does not reveal that the trial court's factual findings are clearly erroneous.

---

[1] The court rendered judgment in the plaintiff's favor on the defendants' counterclaim, and the defendants have not appealed from that judgment.

The plaintiff finally claims that the trial court improperly failed to award damages to the plaintiff on his claim of unjust enrichment. We disagree.

"Unjust enrichment applies wherever justice requires compensation to be given for . . . services rendered under a contract, and no remedy is available by an action on the contract. . . . [L]ack of a remedy under the contract is a precondition for recovery based upon unjust enrichment. . . .

"[T]he determinations of whether a particular [set of circumstances] was unjust and whether the defendant was benefited are essentially factual findings for the trial court that are subject only to a limited scope of review on appeal. . . . Those findings must stand, therefore, unless they are clearly erroneous or involve an abuse of discretion. . . . This limited scope of review is consistent with the general proposition that equitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court." (Citations omitted; internal quotation marks omitted.) *Maris* v. *McGrath*, 58 Conn. App. 183, 186, 753 A.2d 390, cert. granted on other grounds, 254 Conn. 919, 759 A.2d 1025 (2000); see also *McNeil* v. *Riccio*, 45 Conn. App. 466, 475–76, 696 A.2d 1050 (1997).

"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) *McNeil* v. *Riccio*, supra, 45 Conn. App. 475; see also *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283, 649 A.2d 518 (1994). The trial court properly recited these elements and concluded that the plaintiff had failed to prove the third one.

The court also concluded that the parties had an enforceable employment contract governing their relationship. "Unjust enrichment applies whenever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract . . . . 12 S. Williston, Contracts (3d Ed. 1970) § 1479, p. 272. Indeed, lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment." (Internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 255 Conn. 390, 401, 766 A.2d 416 (2001). The trial court in its memorandum of decision found that "[t]he plaintiff was paid by the defendant . . . pursuant to an employment agreement." Our courts have often used the terms "employment agreement" and "employment contract" interchangeably. See, e.g., *Hoye* v. *DeWolfe Co.*, 61 Conn. App. 558, 563, 764 A.2d 1269 (2001). The court found a contract between the parties to exist and that the plaintiff had been paid what was due him under that contract. Therefore, the court properly concluded that the doctrine of unjust enrichment has no application to this case. We thus conclude that the court did not abuse its discretion.

The judgment is affirmed.