[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: MOTION FOR SUMMARY JUDGMENT
The plaintiff, William Kelesidis, instituted this action to recover money due on three promissory notes executed by the defendant, Discovernet, Inc., the complaint sounding in breach of promissory notes and unjust enrichment. The undisputed facts of this case are as follows. The plaintiff loaned the defendant $6000, $9000 and $9000 on January 15, 1996, December 31, 1996, and July 17, 1997, respectively. In a letter dated December 30, 1997, the plaintiff requested that the defendant make immediate full payment of the monies owed under the three aforementioned promissory notes, but the defendant has made no payments to the plaintiff. In addition, the plaintiff alleges he has suffered financial harm and asserts that the defendant has been unjustly enriched by its failure to repay the money owed on these notes.
The defendant filed its answer, special defenses and setoff, where it admits to the existence and validity of the promissory notes and that it received the letter requesting payment. Furthermore the defendant pleads three special defenses sounding in oral modification, unjust enrichment CT Page 16539 and unclean hands.[1] Subsequently, the plaintiff filed a motion for summary judgment on the ground that there is no genuine issue of material fact as to the existence and validity of the promissory notes and thus, the total debt of $24,000 is currently due and owing.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Community Action for Greater Middlesex County, Inc. v. AmericanAlliance Ins. Co., 254 Conn. 387, 397-398, 75 A.2d 1074 (2000).
The plaintiff moves for summary judgment on both counts of the complaint on the grounds that there are no genuine issues of material fact in dispute and thus, trial is not warranted on these matters. The plaintiff argues that no genuine issue of any material fact exists because the defendant admitted to the authenticity of the promissory notes and because the defendant's three special defenses are without merit. In support of this argument, the plaintiff provides an affidavit which states that "there was no understanding or agreement, either written or oral between the plaintiff and the defendant other than that contained in the promissory notes."
The defendant rebuts the plaintiff's statement by arguing that each special defense establishes the existence of a genuine issue of material fact. With regard to the first count which alleges a breach of promissory notes, the defendant argues that the parties entered into an oral agreement which modified the terms of the promissory notes. Specifically, the defendant contends that the loans were given by William Kelesidis on behalf of his son, Savvas Kelesidis, one of the defendant's shareholders, as an insider loan to the defendant. Furthermore, the other shareholders attest that the plaintiff orally agreed to modify the promissory notes . . . This oral agreement provided that all insider loans, including those from the other shareholders, would only be paid pro-rata, once the company was operating in the black. Thus, the defendant concludes that these additional facts render summary judgment inappropriate in this case.
Generally, "modification of a written agreement must be in writing to CT Page 16540 satisfy the statute of frauds." Union Trust Co. v. Jackson,42 Conn. App. 413, 419, 679 A.2d 421 (1996). In this case, however, the amount of the subject loan does not exceed fifty thousand dollars. Therefore, the statute of frauds is inapplicable in this case. See General Statutes § 52-550 (a)(6).
Moreover, "[a] modification of an agreement must be supported by valid consideration and requires a party to do, or promise to do, something further than, or different from, that which he is already bound to do."Thermoglaze, Inc. v. Morningside Gardens Co., 23 Conn. App. 741, 745,583 A.2d 1331, cert. denied, 217 Conn. 811, 587 A.2d 153 (1991). "[C]ontracts modifying earlier ones must be supported by new consideration." Harris Calorific Sales Co. v. Manifold Systems, Inc.,18 Conn. App. 559, 564, 559 A.2d 241 (1989). Here, the plaintiff and the defendant have provided conflicting affidavits with regard to the existence of an oral modification and in essence whether there has been consideration in support of the oral modification.
Whether the parties agreed to an oral modification of the promissory notes will determine the nature of the operative legal documents in this matter. The nature of the operative documents in this case is a material fact because it "makes a difference in the outcome of [this] case." UnionTrust Co. v. Jackson, supra, 42 Conn. App. 418. Thus, with regard to count one, a genuine issue of material fact remains as to the oral modification and the court cannot grant summary judgment as a matter of law.
"[S]ince a single valid defense may defeat recovery, claimant's motion for summary judgment should be denied when any defense presents significant fact issues that should be tried." (Internal quotation marks omitted.) Union Trust Co. v. Jackson, supra, 42 Conn. App. 417; see alsoPerille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543,494 A.2d 555 (1985). The court already found that there are triable issues sufficient to defeat the plaintiff's motion for summary judgment on count one. Accordingly, the court will not address other arguments and defenses raised by the defendant, which also pertain to count one.
With regard to the second count, the plaintiff asserts that the defendant has been unjustly enriched at his expense. "Unjust enrichment applies wherever justice requires compensation to be given for . . . services rendered under a contract, and no remedy is available by anaction on the contract. . . . [L]ack of a remedy under the contract is a precondition for recovery based upon unjust enrichment." (Emphasis added; internal quotation marks omitted.) Paulsen v. Kronberg, 66 Conn. App. 876,878, ___ A.2d ___ (2001). Whether the plaintiff has a remedy under the promissory notes remains at issue. The plaintiff, as the movant, has the CT Page 16541 burden of establishing the absence of material facts with regard to the unjust enrichment claim. Because the plaintiff cannot establish the precondition of "lack of a remedy under the contract," the plaintiff has not met his burden. Thus, the court cannot grant summary judgment on the plaintiff's unjust enrichment claim. Therefore, the court need not analyze the defendant's unclean hands defense or the other arguments it raises as to the second count.
In summary, the defendant's oral modification defense affects the nature of the documents upon which the first count is based. The enforceability of those documents affects the availability of the remedy of unjust enrichment asserted in the second count. Therefore, the evidence provided by the parties establishes that genuine issues of material fact exist and thus, summary judgment can not be granted on either count, as a matter of law. Accordingly, the plaintiff's motion for summary judgment is hereby denied.
So Ordered.
D'ANDREA, J.T.R.