[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: COUNTERCLAIM DEFENDANT BERMAN SABLE'S MOTION TO STRIKE (#140)
This litigation was initiated by the plaintiff law firm, Berman Sable, seeking payment of fees for legal services provided to National Loan Investors, LP (NLI). With its answer to the complaint, NLI asserted special defenses and counterclaims. In response to the counterclaims, Berman Sable, on July 24, 2001, filed a motion to strike count one (recoupment) and count two (unjust enrichment) of the amended counterclaims dated March 20, 2001 (#126.10). NLI opposed the motion to strike count two only, and conceded at oral argument that count one should be stricken. Accordingly, the court struck count one on the record and will at this time address the motion to strike the unjust enrichment claim.
"A motion to strike . . . may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496 (1985); Practice Book § 10-39(a)(5). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of the complaint . . . to state a claim upon which relief can be granted . . ." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270
(1998). "A motion to strike admits all facts well pleaded." Parsons v.United Technology Corp., 243 Conn. 66, 68 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Lijedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348
(1990). "[A motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citations omitted; emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260 (2001). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.) Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,215 (1992). CT Page 777
Count two of the counterclaims contains the unjust enrichment claim and asserts in pertinent part that Berman Sable and NLI had a contract for the provision of legal services by Berman Sable to NLI in a foreclosure action, NLI paid Berman Sable a sum certain in legal fees and costs for services rendered in conjunction with its representation in various lawsuits, and if Berman Sable "retains the fees paid to reimburse NLI for its expenses and losses it will be unjustly enriched in that NLI will have paid legal fees to defend itself and/or to enforce the Stipulated Judgment when it has already paid BS substantial fees to avoid this very situation." Amended counterclaim, paragraphs 3, 14 and 15. Berman Sable has moved to strike count two on the basis that NLI has failed to plead a legally sufficient claim for unjust enrichment; according to Berman Sable at page one of its motion, "[a]s alleged in the third count [breach of contract] of NLI's counterclaim, the parties' rights and duties were spelled out in an express agreement and cannot be reformed via an unjust enrichment theory.
A claim for unjust enrichment is not available in the situation where there is an enforceable express contract between the parties. Rosick v.Equipment Maintenance Service, Inc., 33 Conn. App. 25, 37 (1993); H.B.Toms Tree Surgery, Inc. v. Brant, 187 Conn. 343, 347 (1982). "[L]ack of a remedy under the contract is a precondition for recovery based upon unjust enrichment. . . ." (Citations omitted.) Paulsen v. Kronberg,66 Conn. App. 876, 878 (2001). A party may, pursuant to Practice Book § 10-25, plead in the alternative; also see Dreier v. Upjohn Co.,196 Conn. 242, 245 (1985); however, pursuant to Practice Book §10-26, alternative pleadings must be set forth in separate counts. Count two, by asserting both an express contract and claiming unjust enrichment, is legally insufficient and is stricken.
 CONCLUSION
The motion to strike count one (recoupment) and count two (unjust enrichment) of the counterclaims is granted.
 ___________________, J. ROBERT F. McWEENY