[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1208
The plaintiff builder[1] and the defendant realtor[2] formed a joint venture to develop and market residential dwellings in New Canaan, but the plaintiff alleges that the defendant failed to abide by its contractual and fiduciary obligations. The plaintiff has filed an amended complaint dated June 21, 2001 containing eleven counts.
Although the defendant did not object to the counts alleging breach of contract and the duty of acting in good faith, the defendant has filed motion #129 to strike the other eight counts. Each of the challenged counts will be examined in turn to decide whether they should be stricken.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
Second Count-Fraud
The plaintiff alleges that the defendant made a number of misrepresentations about the financing and marketing of a particular project. The plaintiff alleges that the defendant's representations were made to deceive and defraud the plaintiff and that the plaintiff believed and relied on the representations to its financial detriment.
"The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Internal quotation marks omitted.) Giulietti v. Giulietti,65 Conn. App. 813, 836, 784 A.2d 905, cert. denied, 258 Conn. 946, __ A.2d __ (2001).
Applying the allegations in the second count to the elements of a cause CT Page 1209 of action for fraud, this court finds that the allegations sufficiently plead a cause of action for fraud and the motion to strike as to the second count is denied.
Fourth Count-Breach of fiduciary duty
The plaintiff has alleged that the defendant owed a fiduciary duty of loyalty, good faith and fair dealing as well as a duty to refrain from usurping business opportunities. The plaintiff further alleges that the defendant breached its duty in a number of ways, by selling one property below market price, sharing confidential information with a competitor, inadequately marketing the sale of another home, disparaging the plaintiff and failing to contribute its rightful share of the costs of constructing certain projects.
As the Supreme Court noted in Beverly Hills Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 57, 717 A.2d 724 (1998), a fiduciary duty springs not from a simple duty of care, but from a duty of loyalty to the party claiming the fiduciary relationship. A party claiming a fiduciary relationship must plead and prove that the party it characterizes as a fiduciary had a duty to represent his or her interests. Konover Development Corp. v. Zeller, 228 Conn. 206, 218,635 A.2d 798 (1994). "[A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Internal quotation marks omitted.) Beverly Hills Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, supra, 247 Conn. 57 (1998).
The plaintiff sufficiently plead a fiduciary duty and violation of that duty. Accordingly, the defendant's motion to strike the fourth count of the plaintiff's complaint is denied.
Sixth Count-Diversion of Corporate Opportunities
In count six, the plaintiff realleges the formation of the joint venture and that the plaintiff has suffered the loss of potential customers and future profits, business reputation and good will. The plaintiff further alleges that these losses were caused by the defendant diverting potential home buyers away from the plaintiff's projects to other homes in New Canaan in which the defendant had a financial interest.
In determining whether a cause of action for usurpation of a corporate opportunity exists, the Supreme Court held that the dominant inquiry is whether the corporate opportunity at issue falls within the corporation's CT Page 1210 avowed business purpose. Ostrowski v. Avery, 243 Conn. 355, 367,703 A.2d 117 (1997). The Ostrowski Court adopted a multi-factor analysis for assessing what activities fall within a corporation's line of business. The factors listed by the Court are: (1) whether the business opportunity was one in which the complaining corporation had an interest or an expectancy growing out of an existing contractual right; (2) whether there was a close relationship between the opportunity and the corporation's business purposes and current activities; and, (3) whether the business areas contemplated by the opportunity were readily adaptable to the corporation's existing business, in light of its fundamental knowledge, practical experience, facilities, equipment, and personnel.Ostrowski, supra, 243 Conn. 366.
The plaintiff in this case has properly alleged the existence of a corporate opportunity within the meaning of the corporate line of business test. The Connecticut Supreme Court held that once a plaintiff has proven the existence of a corporate fiduciary relationship and a corporate opportunity, defendant corporate fiduciaries bear the burden of proving, by clear and convincing evidence, that they have not usurped a corporate opportunity. Katz Corp. v. T.H. Canty Co., 168 Conn. 201,207, 362 A.2d 975 (1975).
This court finds that the allegations in the complaint sufficiently allege I a cause of action for the diversion of corporate opportunities and the motion to strike the sixth count is denied.
Seventh Count-Tortious interference with business expectancy
The plaintiff has alleged that the defendant's conduct as outlined in the previous count was intentional and maliciously interfered with the plaintiff's business expectancies. The plaintiff further alleges that said conduct caused the defendant to sustain financial losses.
It is well established that the elements of a claim for tortious interference with business expectancies are: (1) a business relationship between the plaintiff and another party; (2) the defendant's intentional interference with the business relationship while knowing of the relationship; and (3) as a result of the interference, the plaintiff suffers actual loss. Solomon v. Aberman, 196 Conn. 359, 364, 493 A.2d 193
(1985).
The allegations in the complaint have established the elements of a cause of action for tortious interference with business expectancies and the motion to strike the seventh count is denied.
Eighth Count-CUTPA
CT Page 1211
In this count, the plaintiff has alleged that the defendant's conduct, including failing to disclose its financial interests in other properties and diverting potential customers to other sales constituted unfair or deceptive practices in the conduct of commerce and trade, and was amoral, unethical, oppressive and unscrupulous, and caused substantial injury to consumers, competitors or other businesses.
"Section 42-110b (a) [of the Connecticut Unfair Trade Practices Act] provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade I commission for determining when a practice is unfair: (1) [Wlhether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . ." Willow Springs Condominium Assn., Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 43, 717 A.2d 77 (1998).
This court finds that the complaint has sufficiently set forth a cause of action for the violation of CUTPA and the motion to strike the eighth count is denied.
Ninth Count-Unjust Enrichment
The plaintiff has alleged that the defendant's conduct resulted in the defendant being unjustly enriched and that the plaintiff was damaged as a result.
In order to prevail on a claim of unjust enrichment, a party must allege (1) that the defendant was benefitted, (2) that the defendant did not pay the plaintiff for that benefit, and (3) that the failure of payment was to the plaintiff's detriment. Hartford Whalers Hockey Club v.Uniroyal Goodrich Tire Co., 231 Conn. 276, 282, 649 A.2d 518 (1994). Furthermore, "[u]njust enrichment applies wherever justice requires compensation to be given for . . . services rendered under a contract, and no remedy is available by an action on the contract. . . . [L]ack of a remedy under the contract is a precondition for recovery based upon CT Page 1212 unjust enrichment." (Emphasis added; internal quotation marks omitted.)Paulsen v. Kronberg, 66 Conn. App. 876, 878, ___A.2d (2001).
Here, the plaintiff has clearly alleged a detriment, but has failed to clearly alleged the defendant's purported benefit. Consequently, the motion to strike the ninth count of the complaint is granted because the plaintiff has not sufficiently alleged a claim for unjust enrichment.
Tenth Count-Defamation
The plaintiff has alleged that the defendant made injurious and false statements about its business practices, including that Mr. Buzzeo had committed criminal acts involving embezzlement, fraud and incompetence in his business as a builder.
"Defamation is comprised of the torts of libel and slander. Defamation is that which tends to injure reputation in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory, or unpleasant feelings or opinions against him. Slander is oral defamation. This court has delineated specific categories of speech deemed actionable per se where the defamatory meaning of [the speech] is apparent on the face of the statement. It is a well established principle that an accusation of theft is slander per se." (Internal quotations and citations omitted.) DeVito v. Schwartz, 66 Conn. App. 228, 234, 784 A.2d 376 (2001).
The motion to strike the tenth count is denied because the plaintiff has sufficiently set forth a cause of action for defamation.
The court notes that the defendant also moves to strike paragraphs thirty, thirty two, forty, eighty six, ninety, ninety seven and ninety eight of the plaintiff's complaint. However, "where individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.) Ledge Associates v.Firestone Building Products Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170167 (October 27, 1999,Karazin, J.). Therefore, this court will not address the motion to strike as to the individual paragraphs.
In summary, the defendant's motion to strike as to the second, fourth, sixth, seventh, eighth and tenth counts of the plaintiff's complaint is denied. The motion to strike as to the ninth count, sounding in unjust enrichment is granted. CT Page 1213
So Ordered.
Dated at Stamford, Connecticut, this 29th day of January, 2002.
____________________________ William B. Lewis, Judge T.R.