[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#121)
Before the court is the defendants' James L. Wolfe and Sallie Hayden Bianco's motion to strike the plaintiffs amended complaint (#109).[1]
For the following reasons, the court grants the motion.
 I FACTS
In her four paragraph, one count, amended complaint (complaint), the plaintiff, Paula Halloran, alleges that, in August, 2001, she paid the sum of $61,000.00 to the State of Connecticut Department of Revenue Services in connection with sales taxes due and owing from Pelicans, Inc. (Pelicans) (Complaint, ¶ 1.) While she alleges that at no time was she an officer or director of Pelicans, she states that her assets were subject to lien by the State to pay the taxes. (Complaint, ¶ 2.) To discharge the lien, Halloran negotiated a release, and paid the $61,000.00, which was "a portion of an obligation which was that of the defendants who operated, owned and controlled" Pelican's business. (Complaint, ¶ 3) In paragraph 4, Halloran states. "[a]ccordingly, the plaintiff seeks indemnification from the defendants in regard to said obligation." (Complaint, ¶ 4) In her prayer for relief, Halloran seeks reimbursement for the amount paid, plus interest.
In their motion, the movants contend that the complaint is legally insufficient, since it does not allege facts, either in tort or in contract, sufficient to create any duty owed by them to Halloran for indemnification or a claim upon which relief can be granted against them. In opposition, Halloran asserts that the complaint states a claim for indemnification, or, in the alternative, for unjust enrichment. The court heard oral argument at short calendar on June 25, 2002.
 II STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that CT Page 9484 party may do so by filing a motion to strike the contested pleading or part, thereof." Practice Book § 10-39(a). The court must "take the facts to be those alleged in the complaint. . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. MicrosoftCorp., 260 Conn. 59, 65, 753 A.2d 927 (2002). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citation omitted; internal quotation marks omitted.) Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). In reviewing a motion to strike, the court is limited to the grounds set forth in the motion. See Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235 (1987).
 III DISCUSSION
At oral argument, the movants contended that Halloran's opposition to their motion relies on facts which are not alleged in the complaint. Review of Halloran's memorandum of law confirms this assertion. For example, at page one, Halloran states that she paid part of a debt owed by the defendants after the State "liened her real property." Other references are made in the memorandum to a lien on real property. (See Halloran's memorandum of law, pp. 3, 4.) There is no. reference to real property in the complaint.
At page 4 of her memorandum, Halloran states, "the plaintiff acquired real property from one of the defendants who was personally liable for the unpaid sales tax." There is no reference in the complaint to the plaintiffs acquisition of property, from one of the defendants, or from anyone else.[2] Further, she states, in her memorandum, at page 4, that she paid the obligation to avoid foreclosure. Halloran raises the "risk of foreclosure" again at page six of her memorandum. There is no reference in the complaint to foreclosure.
On a motion to strike, the court is limited to considering the facts which are alleged in the complaint. Accordingly, the court may not consider the additional allegations set forth by Halloran in her memorandum in opposition. See Turner Construction Co. v. Eppoliti, Inc., Superior Court, judicial district of Danbury, Docket No. 323118 (January 8, 1997. Moraghan, J.) (referring to a court seeking facts not alleged in the complaint as "a classic, fatal flaw.") Accordingly, the court looks CT Page 9485 only to the facts as alleged in the complaint to determine its legal sufficiency. In her memorandum, Halloran contends that the facts alleged support her claim for indemnification, or, alternatively, for unjust enrichment.
Under Connecticut law, "a party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74. 579 A.2d 26 (1990), citing Kaplan v.Merberg Wrecking Corp., 152 Conn. 405, 411, 207 A.2d 732 (1965). More recently, our Supreme Court reiterated that Kaplan continues to express the law as it applies to common law indemnification. See Smith v. NewHaven, 258 Conn. 56, 65-66, 779 A.2d 104 (2001).
Halloran claims that she is entitled to indemnity from the defendants based on a theory of implied contract. See Halloran's memorandum of law, pp. 4-6. As our Appellate Court recently explained in evaluating an indemnification claim based on implied contract, "[a] true implied contract can only exist where there is no express one. It is one which is inferred from the conduct of the parties though not expressed in words. . . . It is not fatal to a finding of an implied contract that there were no express manifestations of mutual assent if the parties, by their conduct, recognized the existence of contractual obligations." (Citation omitted; internal quotation marks omitted.) Sandella v. Dick Corp.,53 Conn. App. 213, 219, 729 A.2d 813, cert. denied, 249 Conn. 926,733 A.2d 849 (1999). "An implied `contractual promise cannot be created by plucking phrases out of context; there must be a meeting of the minds between the parties. . . . In order to support contractual liability, the [defendant's] representations must be sufficiently definite to manifest a present intention on the part of the [defendant] to undertake immediate contractual obligations to the plaintiff.' (Citations omitted; internal quotation marks omitted.) Burnham v. Karl Gelb, P.C., 50 Conn. App. 385,389, 717 A.2d 811 (1998), aff'd, 252 Conn. 153, 745 A.2d 178 (2000)."Janusauskas v. Fichman, 68 Conn. App. 672, 676, 793 A.2d 1109 (2002).
Here, the complaint is devoid of any reference to conduct by the movants by which they recognized the existence of contractual obligations. No meeting of the minds is alleged. No representations by them are alleged to have manifested a present intention on their part to undertake immediate contractual obligations to the plaintiff. In the absence of such allegations, no implied contract has been pleaded as a basis for indemnification.
Under these circumstances, the case law relied on by Halloran to support her argument is unavailing. Bailey v. Bussing, 28 Conn. 455
CT Page 9486 (1859) was a case in which our Supreme Court found that a party was entitled to contribution based on joint responsibility for the commission of a tort, negligence. See id., 461-462.[3] Halloran does not contend that the movants engaged in tortious conduct which gave rise to an obligation to indemnify. See Kaplan v. Merberg Wrecking Corp., supra.
Halloran also relies on The Meriden Britania Co. v. Rogers, 55 Conn. 496,13 A. 405 (1888). There, the defendant's obligation to indemnify the plaintiffs-garnishees was based on his pre-existing contractual obligation to the plaintiffs. See id., 496. Since, as noted above, Halloran's allegations do not rely on tort nor do they satisfy the elements for a claim based on contract or implied contract, each of these precedents is inapplicable to the case at bar.
Likewise unavailing are Halloran's references to more recent cases.Young v. Wilmot, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 025143 (April 9, 1990, Meadow, J.) is also inapplicable here since there the claimed duty to indemnify allegedly arose from the commission of a tort, fraudulent misrepresentation. InSwift v. Levesque, 614 F. Sup. 172, 175 (D. Conn. 1985), the court determined that the defendant was not entitled to indemnification from the plaintiff for an amount paid to the Internal Revenue Service, citingKaplan v. Merberg Wrecking Corp., supra. The court based its decision as to the defendant's obligation to the plaintiff on the doctrine of contribution, not on indemnity, stating that "a Connecticut court would view the unpaid taxes of SSE [a corporation] as a corporate debt for which the joint venturers had an implied agreement to be equally responsible." Id., 178. Here, in contrast, no joint venture between Halloran and the movants is alleged.
As noted, in her memorandum, Halloran has raised the alternative theory of unjust enrichment. The complaint does not mention unjust enrichment. Also, as noted, Halloran's theory as to this claim relies, in part, on the "risk of foreclosure," Halloran's memorandum of law, pp. 6-7, which is not pleaded in the complaint. For the reasons set forth above, this reference must be disregarded by the court.
"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.)Paulsen v. Kronberg, 66 Conn. App. 876, 878, 786 A.2d 453 (2001). The complaint does not set forth facts alleging that the movants unjustly did not pay the plaintiff for a benefit received. See Turner ConstructionCo. v. Eppoliti, Inc., supra (motion to strike granted where complaint did not contain such facts). CT Page 9487
The complaint does not state a cause of action for indemnity or unjust enrichment. Therefore, as to the movants, it is legally insufficient.
 IV CONCLUSION
For the foregoing reasons, the court grants the motion to strike the amended complaint as it pertains to the movants, defendants James L. Wolfe and Sallie Hayden Bianco. It is so ordered.
BY THE COURT
 ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT