[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Pamela Febles, has filed a one count complaint asserting a claim for unjust enrichment against the defendants, Eric Chyung and Chi-Han Chyung.
The plaintiff's amended complaint (complaint) alleges the following pertinent facts: On or about August 18, 1992, the plaintiff and the defendants purchased real property located in Westport, Connecticut (the property) for $170,000. The plaintiff contributed $10,000 toward the purchase of the property. The plaintiff resided with Eric Chyung at the property from approximately, August 18, 1992, until February 10, 1994. During that time, the plaintiff paid one-half of each monthly mortgage payment and other property related expenses. At some point prior to February 10, 1994, — the plaintiff vacated the premises. The plaintiff then quitclaimed her interest in the property to both defendants in exchange for an oral promise from Eric Chyung that upon the sale of the property, the plaintiff would be repaid the amount of her equity in the property. On or about May 9, 1994, Chi-Han Chyung quitclaimed his interest in the property to Eric Chyung in exchange for $90,000. On or about June 15, 2000, Eric Chyung sold the property for $210,000. The plaintiff was not aware of either transaction until August, 2000, and at no point after either transaction did either defendant pay the plaintiff any sum representing her equity interest. The plaintiff alleges that as a result, the defendants have been unjustly enriched by virtue of their failure to pay her in accordance with the agreement by which she quitclaimed her interest in the property to them.
Chi-Han Chyung has filed a motion to strike the plaintiffs complaint, as it pertains to him, on the ground that the allegations are legally insufficient to state a claim upon which relief can be granted because he was not a party to the oral contract from which the plaintiffs rights purportedly arise, and because it violates the Statute of Frauds. CT Page 11231
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.[1] In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike . . . requires no factual findings by the trial court." (Internal quotation marks omitted.) Suffield Development Associates Ltd.Partnership v. National Loan Investors, L.P., 260 Conn. 766, 771,___ A.2d ___ (2002); rather "the court must accept as true [those] facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296, 325,709 A.2d 1089 (1998). Moreover, the court "cannot be aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The plaintiff alleges that she quitclaimed her interest in the property to both defendants in exchange for an oral promise from Eric Chyung that she would be paid the amount of her equity in the property as of February 10, 1994, upon the sale of the property. She does not allege, however, that Chi-Han Chyung agreed to return her equity in the event that he quitclaimed his interest. Indeed, nowhere in the complaint, nor in her memorandum in opposition, does the plaintiff allege that she entered into any agreement with Chi-Han Chyung. Moreover, the alleged agreement between the plaintiff and Eric Chyung called for a return of the plaintiffs equity "upon the sale of the property, " at which time, according to the allegations, Chi-Han Chyung no longer held an interest. Nevertheless, the plaintiff seeks money damages from Chi-Han Chyung on a claim for unjust enrichment.
"Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract. . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) Meaney v. ConnecticutHospital Assn., Inc., 250 Conn. 500, 511, 735 A.2d 813 (1999). "[L]ack of a remedy under contract is a precondition for recovery based upon unjust enrichment." (Internal quotation marks omitted.) Paulsen v. Kronberg,66 Conn. App. 876, 878, 786 A.2d 453 (2001). When, however, "there is no allegation of a contractual relationship between the plaintiff and the [defendant] in [the] action, " as in the present case, the claim for unjust enrichment must fail. Stamboulis v. Sullivan, Superior Court, judicial district of Hartford, Docket No. 806114 (July 30, 2001, Beach,J.) CT Page 11232
Construing the allegations most favorably to the plaintiff, the court finds that she has not sufficiently alleged facts to state a claim upon which relief can be granted for unjust enrichment against Chi-Han Chyung. Therefore, Chi-Han Chyung's motion to strike the complaint as it pertains to him is granted. Because the court has decided the motion on this ground, it is not required to discuss the question of the applicability of the Statute of Frauds.
So Ordered.
D'ANDREA, J.T.R.