PRESTIGE MANAGEMENT, LLC *v.* PAUL F. AUGER
(AC 25920)

Dranginis, McLachlan and Harper, Js.

Submitted on briefs September 27—officially released December 6, 2005

*Andrew J. McDonald* and *Jaclyn C. Petrozelli* filed a brief for the appellant (plaintiff).

*Paul F. Auger,* pro se, the appellee (defendant), filed a brief.

*Opinion*

HARPER, J. The plaintiff, Prestige Management, LLC, brought this two count action sounding in breach of contract and unjust enrichment against the defendant, Paul F. Auger.[1] Following a trial to the court, judgment was rendered against the plaintiff and in favor of the defendant on both counts. The plaintiff argues that the trial court improperly (1) permitted the defendant to present evidence that the motor vehicle at issue was a gift from the plaintiff to the defendant and (2) required the plaintiff to prove that the transaction was not a gift. We affirm the judgment of the trial court.

The plaintiff alleged that on or about June 27, 2002, the plaintiff and the defendant entered into an agreement in which the defendant agreed to purchase a 1999 Dodge Durango from the plaintiff for $10,760. The plaintiff alleged that pursuant to the agreement, the plaintiff delivered the vehicle and the duly endorsed title to the vehicle to the defendant. The plaintiff further alleged that despite its demand for payment, the defendant had "failed and refused to pay" the price to which he had agreed. The plaintiff alleged that the defendant breached the agreement between the parties and that "[b]y his possession and use of the vehicle without payment of the purchase price [the] defendant has been unjustly enriched . . . ." The defendant admitted that

---

[1] The defendant appeared pro se before the trial court and appears pro se in this appeal.

the plaintiff had delivered the vehicle and the title to him, but denied the remainder of the plaintiff's allegations. The court concluded that the plaintiff had transferred the vehicle to the defendant as a gift and rendered judgment in the defendant's favor on both counts of the complaint.

The plaintiff challenges the court's admission of evidence by the defendant in support of his theory that the vehicle was a gift, as well as the court's statement in its memorandum of decision that the plaintiff had failed to disprove that the vehicle was a gift. We need not resolve those issues. On the basis of our review of the record, we conclude, as a matter of law, that the plaintiff failed to demonstrate that a debt existed. Accordingly, the defendant is entitled to judgment in his favor.

It is not disputed that Dennis J. Smith is the plaintiff's president and the defendant's stepfather. The defendant had performed work for the plaintiff. Prior to the transaction at issue, the defendant had full use of the vehicle for business and personal purposes.

With regard to the existence of a debt, the plaintiff introduced a bill of sale for the vehicle that was inscribed with the signatures of Smith, as "President" and the defendant, as "Buyer." The bill of sale, which is an admission by Smith, states in relevant part: "[The plaintiff] . . . for and in consideration of payment of the sum of $10,760.00, *the receipt of which is hereby acknowledged,* [does] hereby grant, bargain, sell and convey to [the defendant] and his heirs, executors, administrators, successors and assigns the following property: 1999 DODGE WHITE DURANGO . . . ." (Emphasis added.)

Smith testified that the defendant did not pay the plaintiff the consideration listed in the bill of sale. Smith testified that he expected payment to be made shortly

after the transfer of ownership of the vehicle. Smith also testified that he told the defendant that they "were going to settle up the weekend of July 4," but that he did not see the defendant over the holiday weekend or receive payment. Smith further testified that, deeming any such efforts to be futile, he did not make any further demand for payment and that he never informed the defendant that he was transferring ownership of the vehicle to him as compensation for work performed for the plaintiff.

John Holjes, the plaintiff's chief financial officer, also testified at trial. Holjes testified that at Smith's request, he drafted the bill of sale that was used in the transaction. Holjes also testified that he was familiar with the transaction and that he understood the transfer of ownership to represent compensation for the defendant's "past and future services" to the plaintiff. Holjes also testified that he was not aware that any demand for payment had been made of the defendant.

We agree with the court that the bill of sale did not establish the existence of a debt. In fact, the bill of sale was compelling evidence that no debt existed. Insofar as Smith, in contrast to the terms of the bill of sale, attempted to demonstrate the existence of a debt, the court did not credit his testimony. The court found that no demand for payment had been made by Smith. The court specifically discredited Smith's testimony that payment was to have been made to Smith at a gathering over the July 4 holiday weekend. Instead, the court credited the testimony of the defendant's girlfriend, Sandra Gallagher, that she and the defendant had not been invited to a gathering with Smith over the holiday weekend, that she and the defendant had preexisting plans to visit with a friend over the weekend and that she did not know of any demand for payment for the vehicle. The court also credited the testimony of Holjes,

that he "never saw or heard of any demand to the defendant by [the plaintiff] or . . . Smith . . . ."

The court was the trier of fact in this case. We are bound to accept the court's factual findings absent a showing that they are clearly erroneous in light of the evidence. See *Ardito* v. *Olinger*, 65 Conn. App. 295, 297, 782 A.2d 698, cert. denied, 258 Conn. 942, 786 A.2d 429 (2001). The court's findings, that the defendant did not agree to pay for the vehicle and that neither Smith nor any agent of the plaintiff demanded payment from the defendant, are supported by the evidence. The plaintiff cannot prevail on its breach of contract claim absent a showing that a debt existed and that the defendant agreed to pay compensation for the vehicle. See, e.g., *Rosato* v. *Mascardo*, 82 Conn. App. 396, 411, 844 A.2d 893 (2004). The plaintiff cannot prevail on its unjust enrichment claim absent a showing that the defendant unjustly did not pay the plaintiff for the benefit he received. See, e.g., *Paulsen* v. *Kronberg*, 66 Conn. App. 876, 878, 786 A.2d 453 (2001). On the basis of the evidence and findings before us, we conclude that the defendant was entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.